## Lowry *vs.* Morrison and others.

Where a judgment creditor's suit is commenced before a decree in bankruptcy against the defendant therein, so as to obtain a lien upon his property, and the defendant subsequently obtains his discharge under the bankrupt act, he cannot plead such discharge in bar of the suit generally; as the discharge is only a bar to a personal decree against the bankrupt.

And if the complainant neglects to bring before the court the assignee in bankruptcy, who has succeeded to the rights of the bankrupt in the property which belonged to the latter at the time of filing the bill, the proper course for the defendant is to apply for an order that the assignee be brought before the court by a supplemental bill or otherwise, within such time as may be fixed by the court, or that the bill be dismissed.

Where the defendant in a judgment creditor's suit is decreed to be a bankrupt, or where he makes an assignment under the insolvent act, subsequent to the commencement of the suit and the interest of the defendant, in the property which he held at the commencement of the suit, thereby becomes vested in the assignee, the suit cannot proceed, so as to obtain satisfaction of the complainant's debt out of such property, until the assignee, or the person to whom the assignee has conveyed his interest in the assigned property, is brought before the court.

This was an appeal, from a decretal order of the vice chancellor of the first circuit, overruling the plea of the defendant C. B. Morrison. The complainant was a judgment creditor of the defendants J. C. Morrison and C. B. Morrison. And in Jan-

uary, 1842, he filed his bill against them, in this suit, after the return of an execution unsatisfied, to obtain satisfaction of his judgment out of equitable interests and choses in action, &c. alleged to belong to them; and also to reach property, in the hands of the other defendants, which the complainants charged that his judgment debtors had fraudulently assigned to such other defendants. Another object of the suit was to obtain an offset of a part of the complainant's judgment, against a judgment which had been recovered against him by the defendants J. C. Morrison and C. B. Morrison; and which, as the bill charged, had been fraudulently assigned by them to one of the other defendants, for the purpose of preventing such offset.

In April, 1843, the defendant C. B. Morrison, one of the complainant's judgment debtors, pleaded, in bar of all the discovery and relief sought by the bill, a decree in bankruptcy against him, upon proceedings instituted about nine months after the commencement of this suit, and a discharge and certificate of the district court, exonerating him from his debts.

*C. O'Conor*, for the appellant.

*R. P. Marvin*, for the respondent.

THE CHANCELLOR. It does not appear by this plea, which was put in fifteen months after the filing of the complainant's bill, what proceedings had taken place in the suit, to obtain an equitable lien upon the property or effects of the defendant C. B. Morrison, before the institution of the proceedings in bankruptcy against him; or whether a receiver had or had not been appointed in this suit before he was decreed a bankrupt. The question discussed by Judge Conklin in the *Matter of Allen*, (5 *Law Rep.* 362,) does not therefore arise upon this plea. I shall proceed to consider the validity of the plea, upon the supposition that the complainant had acquired a lien upon the property, in controversy in this suit which was valid, under the bankrupt laws, to the extent of the complainant's debt and costs.

Assuming that to be the case, there is no other way for the

Lowry *v.* Morrison.

complainant to enforce that lien, so as to make it available as against the assignee in bankruptcy, but to prosecute this suit to a successful termination. But the bankrupt is entitled to protection, against a personal decree for any deficiency upon the judgment, if he has obtained a legal discharge from his debt under the law which was in force when the proceedings in bankruptcy were instituted. I am satisfied, however, that a plea of his bankruptcy and discharge, in bar of the suit generally, cannot be sustained. For the effect of allowing such a plea would be to have the bill dismissed; so that the suit could not be revived and continued, by a supplemental bill, against the assignee in bankruptcy, or his grantee; who has succeeded to the rights of the defendant, in reference to his interest in the property upon which the complainant is supposed to have acquired a lien, by the proceedings in this suit, before the filing of the petition in bankruptcy. The bankruptcy or insolvency of a defendant, and the transfer of all his interest in the property in litigation, by operation of law, is substantially an abatement of the suit; so far as the right to that property is concerned. And the suit cannot be further prosecuted in this court, in reference to that property, without bringing the assignee in bankruptcy, or the person to whom the bankrupt has conveyed his interest in the property, before the court; by a supplemental bill. (*See Russell* v. *Sharp,* 1 *Ves. & Beam. Rep.* 500.) In such a case, the proper course for the defendant whose property has been thus assigned, appears to be to apply for an order, that the complainant proceed and bring the assignee before the court, by a supplemental bill in the nature of a bill of revivor, within such time as shall be prescribed by the court, or that the bill be dismissed; and that in the mean time all proceedings in the suit against such defendant be stayed. And if the complainant wishes to continue the proceedings in the suit against the bankrupt, to contest the validity of his discharge, the order should require that he be made a party to such supplemental bill. That will enable the complainant to insert in the supplemental bill facts to test the validity of the defendant's discharge, if he wishes to contest it. And will enable the defendant, by plea or answer, to set up his discharge in bar

of the suit; so far as he is continued a party to the same, by such supplemental bill.

The order of the vice chancellor, overruling this plea, must therefore be affirmed with costs; but without prejudice to the right of the appellant to apply to the vice chancellor for the proper relief in the case; and to compel the complainant to revive the proceedings against the assignee in bankruptcy; or against the grantees of such assignee if he has sold the bankrupt's interest in the property in litigation.