JAMES H. JONES, plaintiff in error, *vs.* LELLYETT & SMITH, defendants in error.

When it appeared on the trial of a claim case that the plaintiffs had obtained a judgment against Wooten, the defendant, who was the owner of the lot of land in controversy at the time of the rendition of the judgment, that Wooten had been adjudged a bankrupt; that, several years before Wooten became a bankrupt, he sold the land to Jones the claimant, who went into possession of it; that the judgment was a valid lien on the land at the time Wooten became a bankrupt; that this property was not included in Wooten's schedule; that this debt was not proved in the Bankrupt Court, and that Wooten's estate paid no dividend: *Held,* that, upon the foregoing statement of facts, the lien of the judgment creditor upon the land, under the laws of this State, was not defeated by the bankruptcy of Wooten, and that Jones, the claimant, could not plead Wooten's certificate of discharge in bankruptcy against the judgment creditor, and, thereby, defeat his judgment lien upon the land, which was a good and valid lien thereon, under the laws of this State, being anterior to the time at which Wooten was declared a bankrupt; that, by the 20th section of the Bankrupt Act, the judgment creditor, having a valid lien upon the land, was not bound to prove his debt, secured by the lien, to the extent of the value thereof in the Bankrupt Court.

Bankruptcy. Lien of Judgments. Decided by Judge PARROTT. Catoosa county. Chambers. April, 1869.

Lellyett & Smith, had their *fi. fa.* against Wooten & Gordon, levied on certain land as the property of Wooten, and Jones claimed the land. The parties agreed that Judge Parrott should hear the cause at Chambers, and there decide all questions of law and fact.

It was admitted that Wooten had owned the land since the rendition of the judgment; that Wooten had been regularly discharged as a bankrupt, under the Bankrupt Act of Congress, of the 2nd of March, 1867; that said judgment was a valid lien on said land up to the time when Wooten became a bankrupt, and is so yet, unless the lien is destroyed by Wooten's said discharge; that Wooten sold said land to Jones, and Jones took possession of it several years before March, 1867; that this land was not mentioned in Wooten's schedule, in the Court of Bankruptcy, and his property paid

Jones *vs.* Lellyett & Smith.

no dividend in said Court, and last, that plaintiff's judgment debt was not proved in the Court of Bankruptcy.

Jones' counsel moved to dismiss the levy upon the ground that the lien of the judgment was destroyed by Wooten's said discharge. The Judge overruled the motion, and ordered the *fi. fa.* to proceed. It is said the Judge erred in not sustaining said motion on said ground.

HOGE & SPRAYBERY, for plaintiff in error, cited Bankrupt Act of March 2nd, 1867, secs, 32, 33, 1, 11, 14, 20, 21; Bankrupt Act of 1800, sec. 63; Bankrupt Act of 1841, sec. 2; Blake vs. Bigham, 5 Ga. R., 437.

DODSON & PAYNE, for defendants, cited 1st P. Wms, 737; Gibbs vs. Gibbs, 1st Dallas' R., 397; 6th Intr. R. Record, 199, 214, 222; Am. L. Review, April, 1869, 511, 512, 523; Act of 1841, sec., 4; Act of 1867, sec. 34.

WARNER, J.

This was a claim case tried in the Court below, upon an agreed statement of facts. The plaintiffs levied an execution upon a tract of land as the property of Wooten, one of the defendants therein, to satisfy their judgment lien against the same. The land was claimed by Jones, who had purchased the land from Wooten after the date of the judgment. The precise agreement of facts, as stated in the record, is as follows: "That Wooten, one of the defendants in *fi. fa.*, and who owned the property in dispute since the rendition of this judgment, has been regularly discharged under the Bankrupt Act of March 2nd, 1867; that the judgment, in this case, was a valid lien on the property levied on up to the time Wooten became a bankrupt, and is so yet, unless it has been discharged by the bankruptcy of Wooten and his discharge under said act, that Wooten had sold the land levied on several years before the passage of the bankrupt law, and that Jones, the claimant, had gone into possession of it, that this property was not included in his schedule, that this debt was not proved in bankruptcy, and that his estate paid.

no dividend." By the statute laws of this State a judg-. ment binds all the property of the defendant from its date, and, consequently, created a lien upon the land in dispute. It is insisted that, because Wooten has been discharged as a bankrupt, under the Act of Congress, Jones, the claimant, can plead Wooten's discharge in bar of the plaintiffs' right to sell the land, in satisfaction of their judgment lien. The 20th section of the Bankrupt Act declares that, " when a creditor has a mortgage or pledge of real or personal property of the bankrupt, or a *lien thereon* for securing the payment of a debt owing to him by the bankrupt, he shall be admitted as a creditor *only* for the *balance of the debt*, after deducting *the value* of such property, to be ascertained by agreement between him and the assignee, or by a sale thereof, to be made in such manner as the Court shall direct; or the cred- itor may release or convey his claim to the assignee upon such property, and be admitted to prove his *whole* debt. If the *value* of the property *exceeds the sum* for which it is so held as security, the asssignee may release to the creditor the bankrupt's right of redemption therein, on receiving such excess ; or he may sell the property, subject to the claim of the creditor thereon ; and, in either case, the assignee and creditor, respectively, shall execute all deeds and writings necessary or proper to consummate the transaction. If the property is not so sold or released, and delivered up, the *cred- itor shall not be allowed to prove any part of his debt."* The plaintiffs, in this case, had a judgment lien on the bankrupt's land, created by the statute laws of this State, to secure the payment of their debts owing to them from Wooten, the bankrupt. They could have been admitted as creditors in the Bankrupt Court, to have proved their debt against Wooten, the bankrupt, *only* for the *balance* of what might have been due them thereon, (if there was any balance due,) after deduct- ing the *value of the land* covered by the judgment lien. In other words, if *the value of the land* covered by their judg- ment lien, was *not sufficient* to pay off the debt owing to them by Wooten, the bankrupt, then they could have proved their debt in the Bankrupt Court, for such *balance,* after deduct-

Jones *vs.* Lellyett & Smith.

ing the *value of the land*, to be ascertained by agreement between them and the assignee, or by a sale of the land, to be made in such manner as the Bankrupt Court should direct. If the plaintiffs had thought proper to have done so, they could have released or conveyed their judgment lien upon the bankrupt's land to the assignee of the bankrupt, and then been admitted to prove their *whole* debt against the bankrupt. But they did not think proper to do so. They have relied on their judgment lien alone to pay their debt, and whether the land covered by their judgment lien, will be sufficient for that purpose or not, it is all they can now get, having made their election, as they had the right to do, to stand upon their judgment lien as their security for its payment. For the record, in this case, shows that the plaintiffs' debt was not proved in the Bankrupt Court, nor was the land now in controversy, included in the bankrupt's schedule. The record shows that neither the plaintiffs' debt, nor the land in dispute, has ever been before the Bankrupt Court for adjudication, in any manner whatever. The plaintiffs might have released or conveyed their judgment lien upon the land to the assignee of the bankrupt, as before stated; or the assignee of the bankrupt, if he thought the *value* of the land covered by their judgment lien *exceeded* the amount of the *plaintiffs' debt*, could have sold the land subject to the plaintiffs' lien thereon, for the benefit of the bankrupt's estate, to the extent of such excess of the value of the land over and above the amount of the plaintiffs' debt, secured by their judgment lien. But nothing was done in the matter, either by the plaintiffs' having the judgment lien upon the land of the bankrupt, or by the assignee of the bankrupt. The plaintiffs elected to rely upon their judgment lien for the payment of their debt, the assignee of the bankrupt did not think proper to interfere with it, and the Bankrupt Act declares that, in such cases, if the property is not so sold or released, and delivered up, as provided in the 20th section of the Act, as before recited, the creditor, having *such lien*, shall not be allowed to prove *any part of his debt*. The plaintiffs, in this case, having relied upon their judgment lien on the

bankrupt's land as their security for the payment of their debt, independent of the proceedings had in the Bankrupt Court in regard to the bankrupt's estate, they now have the legal right to enforce that judgment lien against so much of the bankrupt's property as is covered by it, as has not been adjudicated in the Bankrupt Court. And, as the record shows, that neither the plaintiffs' debt, nor the land in dispute between the parties in this case has ever been before that Court for adjudication, it is the judgment of this Court, that the judgment of the Court below should be affirmed.

Let the judgment be entered affirming the judgment of the Court below.