Wm. Reed, Admr., v. Wm. G. Bullington, et al.

1. BANKRUPT LAW—LIENS.—The bankrupt law makes no distinction between liens, whether by mortgage, judgment or otherwise, if they have been acquired *bona fide* and are recognized by the State law, they have the same priorities and dignity as though no proceedings in bankruptcy had taken place.

2. SAME—ACT OF 1867.—This statute vests all the property of the bankrupt in the assignee, including property attached on *mesne* process, made within four months next preceding the commencement of the bankrupt proceedings. The lien creditor may pursue his remedy, irrespective of the discharge. Gibson v. Green, 45 Miss. R., 218.

3. SAME—SECTION 20.—Under this section the assignee may release to the creditor the bankrupt's right of redemption on receiving such excess, or he may sell the property, subject to the claim of the creditor therein. If the property is not so sold, or released and delivered up, the creditor shall not be allowed to prove any part of his debt.

4. SAME—JURISDICTION OF STATE COURTS.—Where no action has been taken by the assignee or creditor, to deal with the property in the bankrupt court, the State court has jurisdiction to make the lien available.

5. SAME—CASE IN JUDGMENT.—The replications confess, that the respective defendants are released personally by their discharges, but insist that by reason of the judgment lien on the land, the creditor is entitled to satisfaction out of that. If the fact shall be so found, there is no obstacle in the way of rendering a judgment, limiting the plaintiff to a sale of the land, leaving the discharge to operate as an absolution of personal obligation.

Error to the circuit court of Oktibbeha county. Hon. B. B. Boone, Judge.

This is a writ of error to the court below, based upon the judgment of the court sustaining a demurrer to the replication to a plea of bankruptcy.

*Dennis & Pilcher*, for plaintiff in error:

Contended, 1. That in a replication to a plea of bankruptcy, the plaintiff may allege fraud in the bankrupt proceedings, citing act of 1867 in relation to bankruptcy, section 29. *In re* Pennet 3 B. R., 145, Brown v. Willman, 1 Rich., 374; 6 Bush (Ky.) 344, Beard v. Hall, 36 Conn., 270. *In re* Rosenberg, 2 B. R., 81. *In re* Kemball, 2 ib., 74. *In re* Wright, ib., 57; Sampson v. Benton, 4 ib., 1.

2. That notwithstanding the bankruptcy of a judgment

debtor, the State courts have jurisdiction to enforce the judgment lien, citing and commenting elaborately on Davis v. Carpenter et al., 2 B. R., 125 ; *In re* Kerr, ib., 124 ; *In re* Schneff, B. R., 46 ; *In re* Smith et al., 1 B. R., 169 ; Bennington v. Sale et al., ib., 157 ; Braner v. Shelby, 27 Miss., 407 ; Bush v. Cooper, 26 Miss., 599 ; Wooten v. Clark 27, Miss., 75 ; Talbert v. Melton, 9 S. & M., 9 ; Russell v. Cheatham, 8 S. & M., 710 ; 6 How. (Miss.), 563 ; 7 ib., 227 ; Foster v. Ames, 2 B. R., 147 ; *In re* Melborne 3 B. R., 91 ; Kelly v. Stronge, 1 ib., 91.

*Muldrow & Nash and T. J. & F. A. R. Wharton,* for defendants in error :

A discharge granted under the bankrupt act of 1867, when properly pleaded, is a bar to an action for prior indebtedness and cannot be impeached in a State court, for any cause which would have prevented the granting of it under section 29, or been sufficient ground for annulling it under section 34. The authority to set aside and annul a discharge in bankruptcy upon the federal court, by section 34, is incompatible with the exercise of the same power by a State court, and the power is exclusive and paramount. Corey v. Ripley, 4 B. R, 162 ; Bump on Bankruptcy, 230, 231. Proceedings in bankruptcy are in a court of record ; and all decrees and judgments therein are of the nature of judgments *in rem,* and conclusive upon all, whether parties or not. Shawhan v. Wherritt, 7 How., 627 ; 17 Curtis, S. C., 328, 331 ; Voorhees v. U. S. Bank, 10 Pet., 449 ; Sturges v. Crowningshield, 4 Wheat., 196. See also *In re* Winn, 1 B. R., 131 ; Pennington v. Dale et al., ib., 157 ; *In re* Barrow et al., ib., 125 ; Cassard, et al., v. Knower, 4 B. R., 185 ; Markam et al., v. Heavy, 4 ib., 166 ; *In re* Snedaker, 3 ib., 155 ; *In re* Salmons, 2 ib., 19 ; Bankrupt act of 1867, §§ 1, 14, 15, 20, 21, 29, 32, 33, 34 ; *In re* Brinkman, 7 B. R., 430 ; *In re* Sacchie, 6 ib., 497 ; Corey v. Ripley, 2 Am. Rep., 19.

After commencement of proceedings in bankruptcy, all proceedings by the creditors, in the State courts, against the bankrupt must stop, the object being to bring all matters

and questions between the bankrupt and his creditors, into the bankrupt court. *In re* Stevens, 5, B. R., 300 ; 4 ib., 61 ; Payne *et al.* v. Able *et al.*, ib., 67 ; Gozzani's Treat., 88, 89, 199.

2. When a debtor goes into bankruptcy, the creditor holding a lien must go into the bankrupt court to enforce it, and he has no judicial remedy elsewhere. Pennington v. Sale *et al.*, 1 B. R., 157 ; *In re* Barrow, ib., 125 ; Cassard v. Knower, 4 ib., 185 ; Markam v. Spalding *et al.*, ib., 166 ; *In re* Stevens, 5 ib., 300 ; *In re* Snedaker, 3 ib., 155 ; *In re* Salmons, 2 ib., 199 ; Am. Law Rec., 124 ; Bankrupt Act § 14, 20.

SIMRALL, J., delivered the opinion of the court:.

In the case of Stephens *et al.* v. Brown, decided at this term, we held that a discharge in bankruptcy, under the law of 1867, could not be assailed in the State court ; but the special proceeding provided in that act must be pursued in the Federal court. It would follow, that the replications respectively pleaded by the defendants, setting up the fraudulent acts of the bankrupts, in avoidance of the discharges, were properly declared to be bad on demurrer.

The other replications, to the effect that the judgment proposed to be revived, was recovered more than four months before the adjudication of the defendant's bankruptcy, and is a lien upon the lands therein mentioned, present a question not free of embarrassment. The bankrupt law makes no distinction between different kinds of liens, whether by mortgage, judgment, or otherwise. If they have been acquired *bona fide*, and are recognized by the State law, they have the same priorities and dignity, as though no proceedings in bankruptcy had taken place. It was said, in Allen & Co. v. Montgomery, 48 Miss., 110, that a levy on property under judgment recovered before bankruptcy, may be made effectual by sale. It was conceded that the bankrupt court, by reason of its general cognizance over the estate and assets, could, if any beneficial end was attainable, by means

of an injunction operating on the lien creditor, draw to itself the control of the sale, and a distribution of the money, so that any surplus after satisfaction of the lien creditor, might be directed to the hands of the assignee, for distribution. Paramount jurisdiction is in the bankrupt court, to marshal the assets, settle the priorities of creditors, foreclose liens, and distribute the funds. Nevertheless the State court, unless the bankrupt court interferes, may enforce a lien. Russell v. Cheatham, 8 S. & M., 703. If the lien was acquired by judgment, before the bankrupt proceedings were initiated, under the act of 1841, the creditor, without reference to the bankruptcy, may proceed to levy and make the money. Talbert v. Melton, 9 S. & M., 27. The provision in the bankrupt law of 1841, is, " that nothing in this act shall be construed to annul any liens, mortgages, or other securities, on property, real or personal." Held, in Bush v. Cooper, 26 Miss. Rep., 611, that the discharge of the debtor was a personal absolution of the debt, but did not destroy or affect a lien made or suffered before bankruptcy. So also, is Bruner v. Sherley, 27 Miss., 408.

The State courts, should construe the acts of Congress, in accordance with the decisions of the Supreme Court of the United States.

In Savage, assignee, v. Best, 3 How. S. C. Rep., 118, it was ruled, that the creditor is not deprived of his lien under judgment, by the subsequent bankruptcy of the debtor, but the creditor may proceed, under the process, to satisfaction. Also Norton's assignee v. Boyd, 3 How. U. S., 436. In Peck v. Jenners, 7 How. S. C., 623, the court reviewed the several parts of the act of 1841, bringing the proviso to the second section into comparison with the section declaring the effect of the discharge, and held that the discharge operated to free the bankrupt personally, as well as his future acquisitions, from debts, whilst mortgagees and other lien creditors shall be permitted to have satisfaction out of the property mortgaged, or subject to lien." It will thus be seen that the adjudications in this State under the act of 1841, are in

accord with those of the Supreme Court of the United States.

The act of 1867 is quite as clear and emphatic, in preserving prior liens, as the statute of 1841. It vests all the property of the bankrupt in the assignee, including property attached on *mesne* process, made within four months next preceding the commencement of the bankrupt proceedings. In Carlton v. Bates, 99 Mass. Rep., 376, it was held, that an attachment served more than four months anterior to such proceedings, might be enforced. In Bowman v. Harding, and Leighton v. Kelsy, 56 Maine, 559, and 57 Maine, 85, attachments, levied on property more than four months prior to the petition in bankruptcy; would be carried on to judgment and satisfaction in the State court. In Jones v. Lellyett, 39 Ga., 64, a judgment was recovered which was a lien upon land when sold. The purchaser became bankrupt, and set up his discharge in bar of the lien. Not having proved his claim, the creditor was permitted to have satisfaction out of the land. That is essentially the case before us. On this point a similar question arose in Gibson v. Green, 45 Miss. Rep., 218; and the intimation is clear that the lien creditor may pursue his remedy, irrespective of the discharge. The attachment had been sued out several months before the bankruptcy; to the further prosecution of the suit, the discharge of the bankrupt was pleaded. This court held, that the proper mode of obviating the plea, was not by demurrer, but by replication, " stating the time of suing out the attachment, and the date of the proceedings in bankruptcy."

In the late case of Marshall v. Knox, 16 Wallace, 551, it was decided that property in the hands of the sheriff, by actual levy, under State process, anterior to the bankruptcy, would not be interfered with by the district court sitting in bankruptcy. Such right was recognized in the case cited from 8 S. & M., 703, and had countenance in cases reported in 3 How., 292; 7 ib., 612; 24 How., 450; and many rulings

on the circuit, and district benches of the United States courts.   See also McLain, assignee, v. Lafayette Bank, 3 McLain Rep., 415, where a bill was sustained by an assignee against several incumbrances, to ascertain the validity, priority, and amount, to the end to discharge the incumbrances on the estate.

The bankrupt law, as we have seen, preserves the lien of a creditor in full vigor, and treats him as entitled to share in the general fund for the balance of his debt over and above the security.   Second paragraph § 20.

"If the value of the property exceeds the sum for which it is held for security, the assignee may release to the creditor the bankrupt's right of redemption, on securing such excess, or he may sell the property subject to the claim of the creditor thereon.   If the property is not so sold, or released, and delivered up, the creditor shall not be allowed to prove any part of his debt."   Last paragraph of § 20.

Looking to the several parts of the act touching this subject, there are several things that may be done by the assignee. He may, if to the interest of the estate, relieve the property from the lien, by discharging the incumbrance; or he may agree with the creditors as to the value of the property; or it may be ascertained by a sale under the direction of the bankrupt court, when the creditor shall only be such for the balance.   If none of these steps are taken, the creditor shall not be allowed to prove any part of his debt, and, of course, would take no share in the distribution. There is no motive or reason why the assignee should interfere, unless the property will yield a surplus after paying the lien debt.   If of insufficient value to do that, there is no necessity or advantage in proceeding under the twentieth section, to a sale in order to ascertain the value.

Where no action has been taken by the assignee, or creditor, to deal with the property in the bankrupt court, the State court has jurisdiction to make the lien available.   By examination of the cases, it will be observed that in some

instances, the creditor has gone into chancery, so as to limit his right to the mere sale of the thing upon which he has the lien. In other cases, the property has been sold, under legal process. The jurisdictional embarrassment has been suggested, that the court of law cannot so wield its process as to make a sale, because the discharge relieves of personal liability. The same objection was made in Peck v. Jenness, 7 How., U. S. *supra.* But the analogies of the law was referred to, as solving the difficulty. If the plea of *plene administravit* is sustained, the judgment goes against the assets " *quando acciderint.*"

The replications confess, that the respective defendants are released personally by the discharges, but insist, that by reason of the judgment lien on the land, the creditor has a right to satisfaction out of that. There is no obstacle in the way, if the fact shall so be found, of rendering a judgment limiting the plaintiffs to a sale of the land, leaving the discharge to operate as an absolution of personal obligation.

We think that the replications, setting up a lien on the lands, are good, and the demurrer thereto ought to be overruled.

Judgment will be reversed, and the demurrer to the replications indicated will be overruled, and the cause remanded for further proceedings.