## JEFFRIES vs. BARTLETT, EXECUTOR.

ILLEGALITY, FROM JASPER. Bankruptcy. Judgments. Words and Phrases. Idem Sonans. Illegality. Levy and Sale. Advertisement. (Before Judge Lawson.)

Blandford, J.—1. This court has continuously held that, where a debt was created and a judgment obtained prior to the passage of the bankrupt act, and the Constitution of 1868, this created a lien on all the property of the defendant, and it was not discharged by the sub sequent bankruptcy and discharge in bankruptcy of the defendant, where the plaintiff did not prove his debt in that court, and where no proceedings were had in that court disposing of the property of the bankrupt, except the property was set apart to the bankrupt as an exemption; and that said property was still subject to the lien of the judgment, and was subject to be sold in satisfaction thereof. 39 Ga., 64; 40 Id., 257; 43 Id., 383; 44 Id., 133; 52 Id., 544,594; 53 Id., 208; 55 Id., 579; 56 Id., 271; 58 Id., 119; 60 Id., 375; 65 Id., 661; 69 Id., 92; Shipp *vs.* Smith (present term). 1 GA., LAW REPORTER p. 7.

2. Jeffers and Jeffries are idem sonans.

3. Whether fifty acres of the land levied on (there being eight hundred) are sufficiently described in the advertisement of sale or not, does not appear, as the advertisement is not set out in the pleadings. At all events, this is not sufficient to arrest the execution and sale of the property.

(a) Semble, that errors in an advertisement of land levied on under an execution are not sufficient to stop the sale by affidavit of illegality, but the party suffering therefrom will be remitted to his remedy against the officer.

Judgment affirmed.

Key & Preston, by J. H. Lumpkin; E. W. Beck, for plaintiff in error Deseau & Bartlett; L. E. Bleckley, for defendant.