AND THE

## CORRECTION OF ERRORS,

OF THE

## STATE OF NEW-YORK;

FEBRUARY AND MARCH, 1808.

---

David Deas, } *Appellant,*

*against*

Daniel Thorne, William Thorne, Richard V. W. Thorne, John Thorne, jun. and Henry G. Wisner, who are impleaded with the President and Directors of the Marine Insurance Company of *New-York,* } *Respondents.*

*IN ERROR.*
． ． ． ． ． ． ．
ALBANY,
Feb. 1808.

Deas
v.
Thorne and others.

ON the 5th *May*, 1806, the appellant filed a bill in the court of chancery against the respondents. From the nature of the appeal, and the decision of this court upon it, ring of a cause, until the assignees of two of the parties, who had become insolvent, pending the suit, should be made parties, this court will not hear or decide on the merits of the cause. On an appeal from an interlocutory order of the court of chancery, this court will not permit evidence to be read, which was not read in the court below, nor will they hear and decide on the merits, unless the merits have also been heard in the court below. Where a party in a cause in chancery, becomes insolvent, pending the suit, his assignees must be made parties, before the cause can be heard.

*On an appeal from an order of the court of chancery, postponing the hearing of a cause, until the assignees of two of the parties, who had become insolvent.*

VOL. III. 3 Z

IN ERROR.
·········
ALBANY,
Feb. 1808.

Deas
v.
Thorne and
others.

it becomes unnecessary to state the pleadings, or the facts on which the merits of the cause rest.

The respondent, *John Thorne*, jun. filed his separate answer to the bill, on the 6th *June*, 1806. *Richard V. W. Thorne*, filed his separate answer on the 25th *June*, 1806. On the 6th *June*, 1806, *Daniel Thorne* and *William Thorne* filed their joint and several answers ; and *Henry W. Wisner* put in his separate answer, on the same day.

To these answers, the appellant filed a general replication, on the 3d *July*, 1806.

On the 7th *August*, 1806, the *Marine Insurance Company* put in their answer, to which the appellant replied on the 3d *September*, 1806,

The respondents, *R. V. W. Thorne* and *John Thorne*, jun. who were original and necessary parties to the bill, having become insolvent, obtained, on the 8th *December*, 1806, their *discharge* under the insolvent act, having assigned all their estate, in pursuance of the act, to *John Thorne*, the elder, and *William Thorne*, one of the respondents. In *April*, 1807, *John Thorne*, jun. and *R. V. W. Thorne*, presented a petition to the chancellor, stating, that since they had filed their answers to the bill of the appellant, they had obtained their discharge under the insolvent act, and prayed leave to file further answers to the said bill, and that they might have the benefit of their discharge, among other matters of defence, to the suit. The prayer of the petition being granted, they filed further and separate answers, on the 17th *June*, 1807, setting forth their discharges under the insolvent act, and praying the benefit of them in defence. Replications were put in to these answers.

In *September*, 1807, the cause was regularly set down for a hearing, before the chancellor, and a motion being made by the appellant's counsel for that purpose, the counsel for the respondents objected to the cause being heard, for the want of proper parties, insisting, that *William Thorne*, one of the assignees of *John Thorne*, jun. and

IN ERROR.
........
ALBANY,
Feb. 1808.

Deas
v.
Thorne and
others.

*R. V. W. Thorne*, in his character of assignee, ought to be brought before e court, and that *John Thorne*, the elder, was also a necessary party. The hearing of the cause was, therefore, postponed; and in *December*, 1807, the chancellor decreed, that the assignees of *John Thorne*, jun. and *R. V. W. Thorne*, were necessary parties, and ordered, that the hearing of the cause should be further postponed, until they were brought before the court as parties. From this order, an appeal was entered, on the 28th *December*, 1807, to this court.

The reasons for this order, were thus assigned by his honor,

The CHANCELLOR. The object of the bill was to recover against *Richard V. W. Thorne* and *John Thorne*, jun. a sum of money due on two policies of insurance, amounting to about 4,000 dollars, which the appellant alleged were delivered to him by them, as security for debts due by them to him, amounting to 3,198 dollars and 30 cents, but which policies they afterwards got into their possession, and fraudulently assigned to *Daniel Thorne* and *William Thorne*. There were other allegations in the bill, which it is not necessary now to state. All the transactions between the respondents, to the prejudice of the appellant, were charged in the bill, as fraudulent.

The appellant showed that the property, for which he claimed to be compensated, was transferred to him merely as security. A comparison of the original sums stated to have been due, with the indication of the value of the subjects transferred, from the appellant's own showing, warranted the inference, that the value of the property amounted to about the sums for which it was pledged; but part of the sums, it was alleged, had been paid.

If there should be a surplus, *Richard V. W. Thorne*, and *John Thorne*, jun. would be entitled to it, and their assignees, representing their interests, had a right to come in, as parties to the account, and to repel the allegation of fraud.

IN ERROR.
••••••••
ALBANY,
Feb. 1808.
Deas
v.
Thorne and
others.

The assignment, under the insolvent law, vested the interest of the insolvent in his assignees, jointly. Having a joint interest, both ought to have been brought in as parties ; and it is no answer to say, that one of them was already a party before the court, since he was brought in, in a different capacity, to litigate on grounds with which his interest, as an assignee, had no necessary or immediate connection. I was, therefore, of opinion, that the cause ought to stand over, for want of parties.

*Baldwin,* for the appellant, was then proceeding to argue the cause on its merits, (the whole of the pleadings and evidence being stated in the cases delivered to the court,) when *the court* desired, that a *preliminary* question might first be argued, whether, on such an appeal, this court would hear and decide on the merits of the cause ?

*\* 2 Johns. Rep. 510.*

*Baldwin.* In the case of *Johnson* v. *Stagg,\** there was an appeal from an interlocutory order of the chancellor, referring it to the *master* to ascertain the amount of principal and interest, due on a bond and mortgage, set forth in the bill, and directing him to report thereon ; and this court, on the appeal, heard and decided on the merits. Every order of the court below, of whatever kind, may be appealed from, and if all the facts and merits in the cause are brought before this court, on the appeal, there is no reason why this court should not finally decide on them, without putting the parties to the trouble and expense of going back to the court of chancery to have the merits there discussed and decided, and again, perhaps, brought up here by an appeal.

*† Since reported in 1 Johns. Cas. 436.*

In the case of *Le Guen* v. *Gouverneur & Kemble,*† where there was an appeal from an order of the chancellor, directing an issue to be tried at law, this court heard and decided on the whole merits of the cause.

*Riggs* and *Van Vechten,* contra. This is a court of *appellate* jurisdiction, instituted to correct the errors of inferior courts. It has no original jurisdiction whatever ; but the present appeal is an attempt to convert it into a

IN ERROR.
........
ALBANY,
Feb. 1808.

Deas
v.
Thorne and
others.

court of original jurisdiction. It would be absurd for this court to proceed to correct errors in the decision of the court below, when no decision had been made in that court. Such a decree would be *original*, not corrective; since it would be founded on evidence never read or considered in the court below. Parties have a constitutional right to have their causes decided, on the merits, in the courts below, and to have any supposed errors in those decisions corrected by this court : But if the present mode of proceeding is to be sanctioned, they will be deprived of the benefit of the court of chancery.

Again, the statute* limits the right of appeal from all interlocutory orders or decrees, to 15 days ; but parties have five years within which to appeal from a final decree. If the present attempt succeeds, this provision as to the right of appeal from final decrees, will be rendered nugatory.

In the cases which have been cited, there was a full hearing of the cause, on the merits, and the chancellor ought to have pronounced a final decree ; and this court did no more than the court of chancery ought to have done. So in every other case, where this court has decided on the merits, on an appeal from an interlocutory decree, it will be found, that the orders were made, after a full hearing on the merits in the court below. In the present case, none of the evidence taken in the cause was read, but the hearing was postponed, on a preliminary objection for the want of the proper parties. No evidence can be read here, which was not read in the court below. It is an universal principle, that on an appeal, the cause must be heard on the same evidence, that was read in the inferior court.† This rule is observed, even, on the rehearing of a cause, on an appeal from the master of the rolls, before the chancellor, in England, though it is in the same court. The practice contended for by the appellants, would be subversive of the course of judicial proceedings, established by the constitution and laws. The business of this court would be increased to such a degree, as to render it extremely inconvenient, if not impracticable, to dispatch it.

* *Laws*, v. 1. p. 185. sect. 9.

† *Eden* v. *Bute*, 1 *Bro. P. C.* 465. (2d ed.) 1 *Vern.* 443. *Prec. in Cha.* 295. 496.

*IN ERROR.*
..........
ALBANY,
Feb. 1808.

Deas
v.
Thorne and
others.

*Per Curiam.* In the cases in which this court have decided on the merits, on appeals from interlocutory orders of the court of chancery, the whole merits had been discussed before the chancellor. The party has a right to have his cause heard, on the merits, in that court, as well as here. In the case of *Le Guen* v. *Gouverneur &* *Kemble,* the court went far enough ; but there, the merits were discussed and deliberated on by the chancellor, before he awarded an issue. In the present case, there is an appeal from an order, directing the hearing of the cause to be postponed for want of proper parties. The evidence was not read, nor the merits examined before the court below. This court ought not to hear evidence which was not . read before the chancellor ; and if we were to pronounce a final decree on the merits, it would be going beyond all the precedents. Some of the exhibits in the cause were to be proved at the hearing before the chancellor ; and those proofs cannot be received here. By such a course of proceeding, the court of chancery would be rendered nugatory ; and this court, possessing only an *appellate* jurisdiction, would depart from its peculiar province of correcting the errors of that court, and assume an original jurisdiction. The party is not only entitled to the benefit of the opinion of the court below, on the merits of his cause ; but this court ought to be in a situation to have the benefit of the reasons of the chancellor, which it is his duty, by the constitution, to state. The argument must, therefore, be confined to the question, as to the propriety of the order postponing the hearing, and directing the assignees of *R. V. W. Thorne,* and *John Thorne,* jun. to be made parties.

*Baldwin,* then, contended, that the assignees of *R. V. W. Thorne,* and *John Thorne,* jun. were not necessary parties. The bill charges *R. V. W. Thorne,* and *John Thorne,* jun. with fraud ; and though exonerated from their debts by the insolvent act, they are not discharged from the fraud. They were necessary parties ; and if they are to remain before the court as proper parties, it cannot

be necessary to have their assignees brought in as parties. No person need be made a party, against whom there can be no decree ; and no decree can be made against the assignees, on the ground of fraud. A bankrupt need not be made a party to a suit against his assignees, because his interest is contingent.* If the policies were not pledged to the appellant, then the bill ought to have been dismissed. If they were pledged, it will be seen from the evidence, that it was for a sum greater than the amount of the policies, so that there would be no surplus, which the assignees could claim. Besides, if there should be a surplus, the person retaining it would be a trustee for the assignees, to the extent of the surplus ; and there would be no occasion of making the *cestui que trusts* parties, who are also trustees for the creditors, and who, on the same principle, must also be made parties.

*Riggs*, contra. It is admitted, that *R. V. W. Thorne*, and *John Thorne*, jun. were proper parties, and interested in the subject matter of litigation. If so, then, their assignees, having succeeded to all their rights, must be also interested. The objection that the bill charges fraud, cannot avail. Courts of equity do not punish fraud. Proceedings in that court are purely of a civil nature. It can only award costs. In truth, the whole controversy relates to money transactions ; and is a question of *debtor* and *creditor*. It has been said, that the whole fund has been pledged, and that there is no surplus which can come into the hands of the assignees : But this is anticipating the decision of the court on this fact, and the assignees ought to be made parties, for the purpose of enabling them to contest the account, and receive the surplus, if there should be any. They claim a right to the property, and that right cannot be decided, unless they are parties. It is as requisite that executors, administrators, assignees, trustees, and the legal representatives of parties, should be brought before the court, as it was to bring the parties themselves. The assignees are the representatives of the creditors ;

*IN ERROR.*

ALBANY,
Feb. 1808.

Deas
v.
Thorne and
others.

* 3 *P. Wms.* 311.

*IN ERROR.*

••••••

ALBANY,
Feb. 1808.

Deas.
*v.*
Thorne and
others.

\* *Har. Ch. P.*
*32. Mit. Plead.*
*58.* 3 *P. Wms.*
*333.*

and when the legal representative is a party, it cannot be necessary to bring in the principal. Though *William Thorne* is already a party, yet he is not so, in the character of an assignee ; and *John Thorne*, the elder, the other assignee, is not a party ; as the assignment is to them jointly, one cannot act without the other. It is a fundamental rule of practice, in the court of chancery, which it is always most anxious to observe, that all persons who may be affected by its decrees, should be made parties.†

VAN NESS, J. The decision of the preliminary question which was raised in this cause, leaves but a single point to be disposed of now, and that is, whether the chancellor was correct in suspending the proceedings before him, until the assignees of *R. V. W. Thorne* and *John Thorne*, jun. were made parties to the suit.

The subject matter of the controversy, relates to certain policies of insurance, of which *R. V. W. Thorne*, and *John Thorne*, jun. were once the indisputable and acknowledged owners. These policies are now claimed by the appellant, on the one hand, and by the respondents, *Daniel Thorne* and *William Thorne*, on the other ; each founding their claim upon an assignment, alleged to have been made to them, by *R. V. W. Thorne*, and *John Thorne*, jun. The rights originally involved in this cause, therefore, were, 1st. Those of the insolvents, *R. V. W. Thorne* and *John Thorne*, jun. 2d. Of the appellant, and 3d. Of the respondents, *Daniel Thorne* and *William Thorne.* The other parties to the suit, for the purposes of the present inquiry, need not be noticed.

That the insolvents were necessary and proper parties to the suit, in the first instance, is admitted on all hands. The counsel for the appellant proceeded under that impression, by actually making them parties. Their rights, in the progress of the cause, were necessarily the subject of investigation ; and until it was ascertained that they had legally divested themselves of their interest in the policies, the respective claims thereto of the appellant, and

IN ERROR.
........
ALBANY,
Feb. 1808.

Deas
v.
Thorne and
others.

of the respondents, *Daniel* and *William Thorne*, could not be brought into view. The first question, therefore, arising for the decision of the chancellor, upon the final hearing, would be, whether the insolvents had made any assignment, or other transfer of the policies, at all? When *that* has been determined in the affirmative, then, and not till then, does it become material that the interest of the appellant, and *Daniel* and *William Thorne*, should be ascertained and determined. According, therefore, to the established rules of proceeding in the court of chancery, (*Mit.* 89—144.) the admission of the parties, and the reason of the thing, the insolvents were necessary and proper parties to the suit when it was first commenced.

Pending the suit, the insolvents obtained their discharge, under the act for giving relief in cases of insolvency; and the respondent, *William Thorne*, and *John Thorne*, the elder, were duly appointed their assignees. These facts, the insolvents, by leave of the chancellor, disclosed in further separate answers, and prayed the benefit of them in their defence.

It appears to me, that every thing which has been said, to show that the insolvents were necessary and proper parties to the suit, before their discharge, applies, with equal force, to prove that the assignees, after that event, were equally so. They stand, in relation to this transaction, precisely in the place of the insolvents.

The assignees have succeeded to all the rights of the insolvents, which, in behalf of the creditors, they are bound to protect and defend. They have the same interest in the final issue of the cause, and, in the character of assignees, are entitled to be heard. They have a right to insist on the same defence which the insolvents had. Admitting that the policies in question have been assigned to the appellant, to secure the payment of the demands stated in the bill, still the amount actually due to him is in dispute. In this question the assignees, in behalf of the creditors, are materially interested.

IN ERROR.
••••••
ALBANY,
Feb. 1808.

Deas
v.
Thorne and
others.

One of the assignees is not a party to the suit at all ; and the other is not a party, in that character.   In my opinion, the suit cannot proceed, until both the assignees, as such, are brought into court ; and this opinion is in conformity with the established principles and practice of the court of chancery.   (*Mit.* 58—63.   1 *Har. Prac.* 9th ed. 92.)

It was said, on the argument, that from the answers and proofs in the cause, it was evident that the insolvents had pledged the policies in question, to the appellant, and *Daniel* and *William Thorne*, for the payment of a greater sum than had been recovered upon them, and as the insolvents, therefore, could have no interest in the decision of the cause, so neither could their assignees.   This argument proceeds upon a false basis.   A fact is assumed, in this stage of the suit, which cannot be judicially recognised to be true, until the final hearing of the cause.   Until then, every person whose interest may be affected by that fact, must be a party, so that he may, if he pleases, controvert it, if false, or admit it, if true.   The question here is, who is entitled to receive the sum due upon the policies ?   Before that question can, or ought to be decided, surely every one interested in it ought to be heard.   If the assignees are made parties, it is possible (though I admit, as the evidence *now* stands, it is very improbable) that they may be deemed to have a right to receive it.

For these reasons, my opinion is, that the appeal ought to be dismissed with costs ; and that the order of the court of chancery ought to be affirmed.

This being the unanimous opinion of the court, it was, thereupon, ORDERED, ADJUDGED, and DECREED, that the order of the court of chancery, complained of by the appellant, be affirmed ; and that the appellant pay to the respondents, 100 dollars, for their costs and expenses, on the appeal ; and that the record and proceedings be remitted, &c.

Judgment of affirmance.