THE ESTERBROOK STEEL PEN MANUFACTURING COMPANY

*v.*

SIMEON J. AHERN.

1. After a final decree on a default, and an order to account had been entered on a bill to redeem certain securities, the defendant was adjudged a bankrupt, and an assignee appointed.—*Held*, that the suit was not thereby abated; that it was not the duty of the complainants to make such assignee a party, but that if the assignee desired to appear in the suit it was his duty to apply for leave to be substituted for the defendant.—*Held*, also, accordingly, that he was bound by the proceedings.

2. A petition, filed by a stranger to the suit, claiming the payment of moneys paid into court in the cause, to satisfy a judgment recovered

---

NOTE.—A state court is not required to notice judicially that proceedings in bankruptcy have been instituted by or against parties to a suit pending therein. *Eyster* v. *Graff*, 1 *Otto* 521, 3 *Cent. L. J.* 251, *note; Irving* v. *Irving*, 14 *Nat. Bk. Reg.* 289; *Baum* v. *Stern*, 1 *Rich.* (*N. S.*) 415;

23

Esterbrook Steel Pen Manufacturing Co. *v.* Ahern.

by him against the defendant in a foreign state, dismissed on the ground that the petitioner, not being a party to the suit, had no standing and could have no relief therein, and that the proceeding for the purpose should be by bill.

---

Bill for account, &c. On petition of the Elizabethtown Savings Institution that the amount decreed to be due to the defendant from the complainants, and by them paid into this court, be paid over to the petitioners on account of a judgment recovered by them against the defendant, Simeon J. Ahern, in the state of New York; in supplemental proceedings whereon it was ordered by a judge of the supreme court of that state, on the 2d of March, 1878, that the amount due from the complainant to the defendant in the accounting in this suit be paid to the petitioners in part payment of the amount due them on that judgment. Also on petition of James J. Gerber, assignee in bankruptcy of the defendant, Ahern, to be admitted as a defendant, and that the cause may be reheard.

*Mr. H. Wallis*, for the Elizabethtown Savings Institution.

*Mr. W. P. Wilson*, for the assignee in bankruptcy.

THE CHANCELLOR.

The decree for an account in this cause was made on the 8th of January, 1878. The master's report of the account

---

Woolfolk v. *Gunn*, 45 *Ga.* 117; *McGready* v. *Harris*, 54 *Mo.* 137; *Doe* v. *Childress*, 21 *Wall.* 642; *Fehley* v. *Barr*, 66 *Pa. St.* 196; *Kent* v. *Downing*, 44 *Ga.* 116; *Cutter* v. *Evans*, 115 *Mass.* 27; *Haber* v. *Klauberg*, 3 *Mo. App.* 342; *Johnson* v. *Bishop*, 1 *Woolw.* 324; *Hewett* v. *Norton*, 1 *Woods* 68. See, however, *Taylor* v. *Bonnett*, 38 *Tex.* 521; *Lewis* v. *Fisk*, 6 *Rob.* (*La.*) 159; *Foster's Case*, 2 *Story* 131; *Bradley* v. *Frost*, 3 *Dill.* 457. Although some of the older cases in New York (following the English practice, 1 *Dan. Ch. Pr.* 159) hold that the suit abates by the appointment of such assignee. *Anonymous*, 10 *Paige* 20; *Penniman* v. *Norton*, 1 *Barb. Ch.* 246; *Johnson* v. *Fitzhugh*, 3 *Barb. Ch.* 360; *Storm* v. *Davenport*, 1 *Sandf. Ch.* 135; *Lowry* v. *Morrison*, 11 *Paige* 327. See, however, *Leniham* v. *Hamann*, 14 *Abb. Pr.* (*N. S.*) 274, 55 *N. Y.* 652; *Allen's Case*, 1 *N. Y. Leg. Obs.* 115; *Raymond* v. *Johnson*, 11 *Johns.* 488; *Gale* v. *Vernon*, 1 *Sandf.* 679.

Esterbrook Steel Pen Manufacturing Co. *v.* Ahern.

was made on the 28th of May following. By the decree entered thereon it was ordered and adjudged that the complainants pay into this court the amount found to be due from them to the defendant, on the accounting, less the amount of their taxable costs of this suit; and that, on the production to the defendant of the clerk's receipt therefor, the complainants were entitled to have and receive from the defendant all notes, checks, drafts and other evidences or debt received from them by him, as alleged in the bill of complaint, and that he forthwith deliver them up accordingly. The last-mentioned decree was made on the 25th of June, 1878. The defendant was adjudged a bankrupt on the 16th of April, 1878, and James J. Gerber was appointed his assignee, and accepted the appointment on the 20th of May following. As before stated, the master's report was made on the 20th of May, 1878, and the decree upon the accounting on the 25th of June, 1878, both after the appointment of the assignee.

The adjudication in bankruptcy and the appointment of the assignee were made pending the accounting. The complainants could not regularly or effectively proceed with the suit, after the appointment of the assignee, without bringing him in. Where a party, who is a defendant to a suit, becomes bankrupt, it will be necessary for the complainant, if he proceeds with the suit, to bring the assignee before the court by supplemental bill. 1 *Dan. Ch. Pr.* 159 (4 *Am.*

For the proper steps where one of two defendants becomes a bankrupt, see *Gibson* v. *Green*, 45 *Miss.* 209; or, one of two plaintiffs, *Murray* v. *Murray*, 5 *Johns. Ch.* 60.

Mere bankruptcy of a party pending a suit in a state court, is not sufficient ground for withdrawing such suit therefrom into the United States court. *Samson* v. *Burton*, 5 *Ben.* 325; *Haber* v. *Klauberg*, 3 *Mo. App.* 342; see *Southern* v. *Fisher*, 6 *Rich.* (*N. S.*) 345, 350; *Reed* v. *Bullington*, 49 *Miss.* 223; *Stanley* v. *Sutherland*, 54 *Ind.* 339. It is no ground for a nonsuit that the *plaintiff* has been adjudged a bankrupt since the suit was begun. *Woddail* v. *Holliday*, 44 *Ga.* 18; or for abating the suit, *Noonan* v. *Orton*, 34 *Wis.* 259.

For the mode of prosecuting an appeal or writ of error in such case, see *Dormire* v. *Cogley*, 8 *Blackf.* 177; *O'Neil* v. *Dougherty*, 46 *Cal.* 575; *Alston* v. *Wingfield*, 53 *Ga.* 18; *Herndon* v. *Howard*, 9 *Wall.* 664; *Collins* v.

*ed.*); *Mitf. Eq. Pl. by Jeremy* 66–68; *Deas* v. *Thorne*, 3 *Johns.* 551; *Williams* v. *Winans*, 5 *C. E. Gr.* 392. The bankrupt law confers on the assignee power to prosecute and defend all suits at law or in equity pending at the time of the adjudication of bankruptcy, in which the bankrupt is a party, in his own name, in the same manner and with the like effect as they might have been prosecuted or defended by the bankrupt.

It may be remarked that the decree in this case, made after the appointment of the assignee, requires the defendant to deliver up certain notes, checks, drafts or other evidences of debt, although all the defendant's interest therein had passed over to the assignee, and when the decree was made the defendant had no control over it. It is enough, however, to say that the proceedings from the time of the appointment of the assignee are not regular, and are not binding on him.

The petition of the Elizabethtown Savings Institution, therefore, cannot be entertained. Its merits will not be considered. It will be dismissed.

The assignee has a right to be admitted as a defendant on his application. *Herndon* v. *Howard*, 9 *Wall.* 664; *Devaynes* v. *Morris*, 1 *Myl. & Cr.* 213. And he may apply by petition. *Melick* v. *Melick's ex'r*, 2 *C. E. Gr.* 156. His

*Marshall*, 10 *Rob.* (*La.*) 112; *Haggerty* v. *Morrison*, 59 *Mo.* 324. Where the bankrupt died after the appeal was taken, *Moffit* v. *Cruise*, 7 *Cold.* 137; where a substituted assignee died, *Avery* v. *Ryerson*, 34 *Mich.* 362.

If the assignee desires to be substituted, he must show that some right or interest of the bankrupt's estate will be affected (*Fritsch* v. *Van Mittendorf*, 2 *Cin.* 261; *Gunther* v. *Greenfield*, 8 *Abb. Pr.* (*N. S.*) 191; *Streeter* v. *Sumner*, 11 *Fost.* 542; *McHenry* v. *La Societe &c.*, 5 *Otto* 58); and elect to be made a party within a reasonable time (*Smith* v. *Gordon*, 2 *N. Y. Leg. Obs.* 325; *Home Ins. Co.* v. *Hollis*, 53 *Ga.* 659).

The assignee should apply by petition (*Eyster* v. *Graff*, 1 *Otto* 521); or by an original bill in the nature of a supplemental bill (*Northman* v. *Liverpool Ins. Co.*, 1 *Tenn. Ch.* 312); and not by motion founded on affidavits (*Fellows* v. *Hall*, 3 *McLean* 487; *Hecht* v. *Wassell*, 27 *Ark.* 412; *Stone* v. *Brookville Bank*, 39 *Ind.* 284). The decision of the state court will be binding on him (*Mays* v. *Fritton*, 20 *Wall.* 414; *Rowe* v. *Page*, 54 *N.H.* 190), and the assignee personally liable for costs (*Reade* v. *Waterhouse*, 12 *Abb. Pr.* (*N. S.*) 255, 52 *N. Y.* 587).—REP.

petition will be granted, and he will be made a party defendant, to the end that the cause may be reheard, unless, within ten days from the time of entering the order on this decision, the complainant shall apply to vacate the proceedings subsequent to the assignment, and to make the assignee a party defendant.