In the Matter of the Application for the Probate of the Last Will, etc., of George Ross, deceased.

Under the Code of Civil Procedure (§ 1337), where the decree of a surrogate in proceedings for the probate of a will is affirmed by the General Term of the Supreme Court, this court has no jurisdiction, upon appeal, to review the questions of fact which depend upon conflicting evidence, but is confined exclusively to questions of law.

*It seems* that, unless special provision authorizing it can be found in the law, there can be no review in this court of questions of fact, depending upon conflicting evidence, in any case.

*It seems*, also, that the only special provision authorizing the review here of such questions of fact is that which provides for a review upon the facts, where the General Term has reversed, upon questions of fact, a judgment entered upon the report of a referee, or upon a decision of the court on trial without a jury (§ 1338).

The provision of said Code relating to appeals from decrees of surrogates (§ 2586), providing that "where an appeal is taken upon the facts, the appellate court has the same power to decide the questions of fact which the surrogate had," etc., applies exclusively to appeals to the Supreme Court.

In proceedings before a surrogate for the probate of a will, where probate is contested on the ground of the mental incapacity of the testator, nonprofessional witnesses who did not attest the execution of the will, after having been examined as to acts and declarations of the testator which came within their knowledge bearing upon his competency, may characterize them as in their opinion rational or irrational. Their examination, however, must be limited to their conclusions from the facts to which they have testified ; they may not express their opinions on the general question whether the mind of the testator was sound or unsound.

Where, however, there is an infraction of this rule, the decree will not be reversed " unless it appears to the appellate court that the exceptant was necessarily prejudiced thereby." (Code, § 2545.)

(Argued January 15, 1882; decided January 24, 1882.)

Appeal from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made December 14, 1880, which affirmed the decree of the surrogate of the county of Kings, admitting to probate the will of George Ross, deceased.

The material facts are stated in the opinion.

*Lewis L. Delafield* for appellants. Non-professional witnesses cannot be permitted to express their opinions whether a testator was of sound mind or not. (*Clapp* v. *Fullerton*, 34 N. Y. 190; *Hewlett* v. *Wood*, 55 id. 634; *Howell* v. *Taylor*, 11 Hun, 214; *De Witt* v. *Barley*, 9 N. Y. 371; 17 id. 340; *O'Brien* v. *People*, 36 id. 282; *Real* v. *People*, 42 id. 270.) Opinions unaccompanied by facts are of but little importance. (*Parish Will Case*, 25 N. Y. 37.) This court has jurisdiction to review all the questions of law presented. (*Howland* v. *Taylor*, 53 N. Y. 627.) It has also the right to review all the facts upon the merits, reverse the judgment below on the facts and direct final judgment, refusing probate to the will. (*Parish Will Case*, 35 N. Y. 34; 53 id. 627; *Robinson* v. *Raynor*, 28 id. 494.) The Code of Civil Procedure has not changed this rule. (§§ 2576, 2586, note to 2 Bliss' Code; 1 Bliss' Code Civil Proc., § 1298, and note.)

*Freeman J. Fithian* for respondent. This being an appeal from a "final judgment" of the General Term, affirming a "final order" in a special proceeding before a surrogate, no "questions of fact, arising on conflicting evidence," can be reviewed. (Code of Civil Procedure, § 1337.)

Earl, J. The will of George Ross, deceased, was presented to the surrogate of Kings county for probate. Objections to the probate were filed alleging that the testator was mentally incompetent to make the will and that he was unduly influenced. The surrogate heard the proofs given by the parties bearing upon both objections and admitted the will to probate. The evidence as to the mental capacity of the testator and the undue influence was very conflicting. The decree of the surrogate was subject to review upon appeal to the Supreme Court upon both questions of fact and of law; but the decree having been affirmed by the Supreme Court we have no jurisdiction to review the questions of fact depending upon conflicting evidence, but are confined in our review exclusively to questions of law,

and so we held in *Davis* v. *Clark*, recently decided.* But the importance of the question has led us to re-examine it.

Section 1337, Code of Civil Procedure, provides as follows: " An appeal to the Court of Appeals from a final judgment or from an order granting or refusing a new trial in an action, or from a final order affecting a substantial right, made either in a special proceeding, or upon a summary application after judgment in an action, brings up for review in that court every question affecting a substantial right, and not resting in discretion, which was determined by the General Term of the court below in rendering the judgment, or making the order from which the appeal is taken; except that a question of fact arising upon conflicting evidence cannot be determined upon such an appeal, unless where special provision for the determination thereof is made by law." This section accomplished considerable change in the prior law; under it, unless special provision authorizing it can be found in the law, there can be no review in this court of questions of fact depending upon conflicting evidence in any case.

We have only to see, then, whether there is any special provision under which we are authorized to review the questions of fact in a case like this. Section 1338 provides for a review upon the facts in this court, when the General Term of the Supreme Court has reversed, upon questions of fact, a judgment entered upon a report of a referee, or upon the decision of the court without a jury, and that is the only special provision applicable to this court which we can find in the Code authorizing a review here of questions of fact depending upon conflicting evidence. In chapter 18 of the Code are found provisions relating to appeals from decrees of surrogates, and section 2586 provides as follows: " Where an appeal is taken upon the facts the appellate court has the same power to decide the question of fact which the surrogate had; and it may, in its discretion, receive further testimony, or documentary evidence, and appoint a referee." This section we think applies exclusively to the case of an appeal to the Supreme Court. The

* *Post* — MEM. 623.

appellate court therein mentioned has reference to the Supreme Court, which is mentioned in the prior section. The power therein conferred to receive further testimony, and appoint a referee, a power which was formerly possessed on appeals from surrogates' decrees by the Court of Chancery, and by the Supreme Court succeeding to the chancery jurisdiction, was never possessed or exercised by the Court of Errors, or by this court which has succeeded to that as a court of final resort. In enacting that section the legislature could not have had in mind this court, unaccustomed and unadapted to exercise such a power, but must have had in mind the Supreme Court in which such a power was always vested after it succeeded to the powers and jurisdiction of the Court of Chancery. By the organization of the courts in this State under the Constitution and laws, it is clear that it was intended to make this court strictly an appellate court; but if it had the power under this section to hear and consider further evidence in probate cases, so far as it received and considered such evidence in any case, it would act as a court of original jurisdiction and cease to be appellate. By confining the application of this section to the Supreme Court, the whole system of appeals to this court is made harmonious. Before the Code of Procedure, appeals from the chancellor were to the Court of Errors, and the latter court reviewed the chancellor's decisions upon all the evidence and rendered judgment thereon as justice required (2 R. S. 166; 1 Barb. Ch. Pr. 406); but it never heard any new evidence. (*Deas* v. *Thorne*, 3 Johns. 543.)

By the Code of Procedure, the Court of Appeals, upon appeals to it in equity as well as in law cases, was confined in its review to questions of law only. But appeals from the decisions of surrogates were not regulated by that Code, and were left to be regulated by the old practice, and thus they were not brought into harmony with the rest of the new system. In such appeals, the Court of Appeals had the jurisdiction before possessed by the Court of Errors, to review upon the facts. But now such appeals are regulated by the Code of Civil Procedure, and the anomaly of a review in this court

upon questions of fact depending upon conflicting evidence is, we think, removed, as it undoubtedly would have been by the first codifiers if they had dealt with the subject.

There is no reason why this court should review the decision of a surrogate upon conflicting evidence which does not apply to every decision of questions of fact in the Supreme Court, or in an inferior court. A. devises all his real estate to B. and dies; his heirs contest probate of his will on the grounds of incapacity and undue influence, and the surrogate admits the will to probate, and his decree is affirmed upon appeal by the General Term; and then the heirs appeal to this court. C. conveys all his real estate by deed to D. and dies. His heirs commence an action to set aside the deed on the grounds of incapacity and undue influence; and upon the trial at Special Term before a judge without a jury, the deed is upheld, the General Term affirms the decision, and then the heirs appeal to this court. Is there any more reason in the one case than in the other, why this court should review the decision upon questions of fact depending upon conflicting evidence? None can be perceived. The general design of the Constitution and the laws is plainly to confine the jurisdiction of this court to determine questions of law only, leaving the decision of questions of fact on conflicting evidence to the courts below.

As there is no dispute that the evidence bearing upon the questions of mental capacity and undue influence was conflicting, we have no alternative but to affirm the judgment appealed from, unless we can find in the record some error of law which requires its reversal. Upon the trial before the surrogate, medical experts were called upon both sides to testify as to the mental condition of the testator. Non-professional witnesses were also called by both sides, who testified to facts bearing upon the mental condition of the testator, and such witnesses were also permitted to a limited extent to express their opinions. A witness by the name of Pitt called by the proponent, who testified to a familiar acquaintance with the testator, and who saw him frequently down to about the date of the will, was asked to state in substance what impression the

acts of the testator made upon his mind, as to whether they were rational or irrational acts. An objection to the question by the contestants as incompetent was overruled, and the witness answered, "There was not any impression made upon my mind; Mr. Ross seemed as usual so far as I could see." He was then asked this question, "Did you ever see any thing unusual about him that attracted your attention?" An objection to this as incompetent by the contestants was also overruled, and the witness answered, "never, sir." Another witness well acquainted with the testator, called by the proponent of the will, was asked this question, "What impression did his acts and conversations make upon your mind as to whether he was rational or irrational?" An objection to this as incompetent by the contestants was overruled, and the witness answered, "I always thought he was a very sensible man." On the cross-examination of a witness called on behalf of the contestants, and who was familiarly acquainted with the testator, in reference to an occasion when he saw him, he was asked this question, "How did Mr. Ross impress you then?" and he answered, "He appeared to me — shall I say all right?" And the counsel putting the question said "yes," and the witness answered "that covers the whole ground of it." The witness was also asked this question, "With the exception of those two occasions of which you have spoken, what impression did you receive of his mental condition?" and the witness answered, "I thought as to his mental condition he was certainly capable of transacting business." These questions were objected to as incompetent by the contestants, and the objection was overruled. This witness, on his direct examination by contestants' counsel, had given his impressions and opinions as to the mental condition of the testator, and thus the questions here objected to were made competent upon cross-examination.

Mr. Bassford was called as a witness by the contestants and gave evidence tending to show he was familiarly acquainted with the testator, and he testified to facts bearing upon the mental capacity of the testator, and he gave his impressions as to his mental condition. Upon cross-examination by proponent's

counsel, he was asked the following question: "State what impression Mr. Ross made upon you at that conversation in respect to his mental condition when he was at the asylum?" An objection to this question as incompetent by the contestants was overruled, and the witness answered: "I thought he was sound in his mind; he asked me for a few cigars, and I was under the impression that they injured him and I was afraid to give them to him, and he told me I need not be afraid of his smoking them, that he wanted to make a few presents of them to his attendants." The answer may have gone further than was intended by the question. There was no objection to the answer, or motion to strike it out. The question can be justified as a proper cross-examination of the witness.

A witness was called by the proponent who testified that he called upon the testator at his house about the time of the date of the will, and had a conversation with him, and he was asked this question: "What impression did this conversation that you had with Mr. Ross on this occasion make upon your mind at the time, as to its being a rational or irrational conversation?" An objection to this question as incompetent by contestants was overruled, and the witness answered: "The impression was that he was rational."

It is not believed that any rule of evidence was violated by the examination of these witnesses. They were not asked to express opinions on the general question whether the testator's mind was sound or unsound. The examination was fairly kept within the rule laid down in *Clapp* v. *Fullerton* (34 N. Y. 190), and also in *Hewlett* v. *Wood* (55 id. 634). That rule is as follows: Where non-professional witnesses, who did not attest the execution of a will, are examined as to matters within their own observation bearing upon the competency of the testator, they may characterize, as in their opinion rational or irrational, the acts and declarations to which they testify; but the examination must be limited to their conclusions from the specific facts they disclose, and they cannot be permitted to express their opinions on the general question whether the mind of the testator was sound or unsound. If,

however, it could be considered that in any of the questions objected to there was some infraction of this rule, we are quite well satisfied that the contestants suffered no prejudice from such infraction, and therefore, under section 2545 of the Code, which provides that the decree or order of a surrogate shall not, upon appeal, be reversed " for an error in admitting or rejecting evidence, unless it appears to the appellate court that the exceptant was necessarily prejudiced thereby," the error, if any, must be disregarded.

Our attention is called to no other error of law, and our conclusion, therefore, is that the judgment should be affirmed, without costs.

All concur.

Judgment affirmed.