ENOS N. TAFT, Successor to JOHN TODD, as Assignee in Bankruptcy, Appellant, *v.* FERDINAND A. MARSILY, Respondent, Impleaded with Others.

*Stay of proceedings, on an appeal from an order granting a new trial, is not effected by giving an undertaking to pay costs — an order directing a stay must be obtained.*

The plaintiff, having appealed to the Court of Appeals from an order granting a new trial, gave the undertaking for the payment of costs and damages on the appeal required by section 1326 of the Code of Civil Procedure, claiming that his appeal, being thus perfected, stayed all proceedings to enforce the order appealed from without his being obliged to obtain an order from the court or a judge expressly staying such proceedings, inasmuch as section 1310 of the Code of Civil Procedure provides that where an appeal has been perfected, as prescribed in that chapter "and the other acts, if any required to be done, to stay the execution of the judgment or order appealed from, have been done, the appeal stays all proceedings to enforce the judgment or order appealed from;"

and the Code does not, in express terms, require any security, in addition to the undertaking for costs, to be given on an appeal from an order of the General Term granting a new trial.

*Held,* that such was not the rule under the old Code, under which it was necessary, in order to stay proceedings in a case in which the statute did not expressly require security to be given as a condition precedent to a stay, to obtain an order to that effect.

That while the presence of the words "if any" in section 1310 of the Code of Civil Procedure afforded some support to the appellant's claim, yet it did not appear sufficiently that the legislature intended, by the introduction of those words, to change the pre-existing law.

That when section 1310 was enacted, the other act, which it was necessary to do in order to stay proceedings, was to obtain an order expressly directing a stay, except in those cases where the statutes provided for a stay upon giving security; and that such was the proper practice under the present Code.

APPEAL from so much of a Special Term order staying proceedings on appeal, as required the plaintiff to give an additional undertaking, and to pay ten dollars costs as a condition of granting the stay.

*Henry D. Hotchkiss,* for the appellant.

*D. M. Porter,* for the respondent.

PER CURIAM:

The General Term reversed the judgment in favor of the plaintiff in this action, and granted a new trial. From the order granting a new trial, the plaintiff has appealed to the Court of Appeals. He has given the undertaking for the payment of costs and damages on the appeal, as required by section 1326 of the Code of Civil Procedure, and he contends that this appeal being thus perfected, it stays all proceedings to enforce the order appealed from, without obtaining any order from the court or a judge expressly staying such proceedings. Section 1310 of the Code, which is contained in chapter 12, relating to appeals, provides that " where an appeal has been perfected, as prescribed in this chapter, and the other acts, if any, required to be done to stay the execution of the judgment or order appealed from, have been done, the appeal stays all proceedings to enforce the judgment or order appealed from." The Code does not in express terms, require any security, in addition to the undertaking for costs, to be given on an appeal from an order of the

General Term granting a new trial. Hence, says the appellant, on such an appeal there is no provision of law requiring any other act to be done in order to obtain a stay. According to this view, when such an appeal is perfected by giving the required undertaking for costs, it operates of itself to stay all proceedings under the order.

This, certainly, was not the law under sections 339 and 342 of the old Code of Procedure, from which section 1310 of the new Code of Civil Procedure is derived. The rule under the old Code was, that where the statute did not expressly require security to be given as a condition precedent to a stay, proceedings could only be stayed by order, in which case the order might require such security to be given as was necessary to protect the interests of the respondent. In *Post* v. *Doremus* (1 Hun, 521, 525) the court said that "the only way in which the proceedings in the court below can be stayed, after an order for a new trial has been made, is by a motion directly to the court for that purpose, where the proper terms can be imposed as to security, so as to protect the respondent against loss if the Court of Appeals should have affirmed the order." The case was affirmed on this point in the Court of Appeals (60 N. Y., 371), where FOLGER, J., said that proceedings could not be stayed by the mere giving of the undertaking for costs. which was necessary to render the appeal effectual, but if the appellant's object was to stay proceedings, it could not be attained otherwise than by an order of the Supreme Court or a stipulation from his opponent.

The presence of the words "if any," in section 1310 of the Code of Civil Procedure, afford some support to the appellant's construction of that section. In our opinion, however, the legislature did not intend, by the introduction of these words, to change the pre-existing law as found in those provisions of the former Code of which the present section is made up. "Where an appeal has been perfected, as prescribed in this chapter, and the other acts, if any, required to be done to stay the execution of judgment or order appealed from have been done, the appeal stays all proceedings." (Sec. 1310.) When this section was enacted, what were the other acts, in addition to perfecting the appeal, required to be done, in order to stay proceedings? One of these acts was to obtain an order expressly directing a stay, except in those cases where the statutes provided for a stay upon giving security. We do not think the

change of phraseology due to the revision and amplification of the old Code of Procedure has dispensed with the necessity of such an order, where it is desired to stay proceedings upon an appeal from an order granting a new trial.

The court below was justified in imposing the terms which it did, as a condition of granting the stay, and the order appealed from should, therefore, be affirmed, with costs and disbursements.

Present — VAN BRUNT, P. J.; BRADY and BARTLETT, JJ.

Order affirmed, with ten dollars costs and disbursements.