(29 Misc. Rep. 273.)

## In re GIHON'S WILL.

(Surrogate's Court, Westchester County. October, 1899.)

1. EXECUTORS AND ADMINISTRATORS—APPEAL — PROBATE OF WILL — SUPERSE-
DEAS.

Under Code Civ. Proc. c. 12, tit. 1, § 1310, providing that, where an appeal has been perfected to the general term or to the appellate division of the supreme court, and other acts required to stay execution have been done, the appeal shall stay all proceedings to enforce the judgment or order appealed from, letters testamentary cannot issue to the executors of a will while an appeal from the decree admitting the will to probate is pending in the court of appeals, when the contestant has given an undertaking under Id. tit. 2, § 1326, providing that upon the giving of an undertaking the appeal is perfected.

2. SAME—ADMINISTRATION PENDING APPEAL.

Where a decree admitting a will to probate has been appealed from, and taken to the court of appeals, and a supersedeas bond has been given, the executors desiring an administration of the estate pending the appeal must apply therefor under Code, § 2582, providing for appointment of a special administrator when the interest of the estate requires administration pending an appeal from the probate of a will.

Application by the executors of the last will and testament of Caroline R. Gihon, deceased, for the issuance of letters testamentary pending an appeal from the probate of said will. Application denied.

C. N. Boyee, Jr., for executors.

F. H. Man, for contestant.

SILKMAN, S. The appellate division has affirmed the decree of this court admitting the will of Caroline R. Gihon to probate. An appeal to the court of appeals has been taken from the judgment entered upon the order of affirmance, and the contestant has given an undertaking under sections 1326 and 1327 of the Code of Civil Procedure. The executors demand that letters testamentary be issued to the executors named in the will who may appear and qualify, while, on the other hand, the contestant claims that her appeal to the court of appeals and the filing of the bond under the sections specified stay all proceedings under the judgment. The practice, as laid down by the Code of Civil Procedure, respecting appeals, seems to be fairly clear, and not difficult of application here. Appeals from the surrogate's court are regulated by article 4, tit. 2, c. 18, Code Civ. Proc. This includes sections 2568 to 2589. These provisions, however, do not apply to an appeal from the appellate division to the court of appeals. In re Ross, 87 N. Y.

514; Hewlett v. Elmer, 103 N. Y. 164, 8 N. E. 387. For the prac-
tice of appeals to the court of appeals we must look to title 2 of
chapter 12 of the Code of Civil Procedure, which embraces sections
1324 to 1339. This title applies irrespective of the court in which
the action originated. Section 1326 requires, to render a notice
of appeal effectual to the court of appeals, that an undertaking
in the sum of $500 shall be given, and that upon the giving of such
undertaking the appeal is perfected. Section 1327 provides that,
if the judgment or order directs the payment of money, execution
is not stayed unless an undertaking is given to pay the amounts
directed to be paid in case of affirmance. There is no special
provision in regard to decrees admitting wills to probate. The
appellant has given the undertaking required by the section just
cited. The question whether these undertakings operate as a stay
of proceedings under the decree of the surrogate is to be deter-
mined by title 1 of chapter 12, relating to appeals generally. Sec-
tion 1310 of that article provides that:

"Where an appeal to the general term of any court, or to the appellate divi-
sion of the supreme court, or to the court of appeals or otherwise, has been
heretofore or shall hereafter be perfected, as prescribed in this chapter, and the
other acts, if any, required to be done, to stay the execution of the judgment or
order appealed from, have been done, the appeal stays all proceedings to en-
force the judgment or order appealed from."

Now, the appellant has perfected the appeal to the court of ap-
peals, and given the security for the money directed to be paid by
the decree of affirmance, and these are the only acts which the
appellant is required to do by chapter 12, referred to in this sec-
tion. It would seem, therefore, that all proceedings to enforce the
surrogate's decree are stayed, unless it can be urged that the issu-
ance of letters is not a part of the enforcement of the surrogate's
decree admitting the will to probate. I am of opinion, however,
that such an argument is without force. The authority to issue
letters depends wholly upon the admission of the will to probate,
and therefore the probate decree is the foundation of the right to
issue letters, and, if that falls, the power to issue falls as well. Un-
der the authority of the case in court of appeals reported as Anony-
mous, 3 Code R. 69, and which construes section 342 of the old
Code, now incorporated in section 1310 of the new Code, it would
seem that all proceedings in the surrogate's court, including ac-
countings which necessarily rest upon the probate decree, are
stayed by the perfecting of an appeal from the probate decree. I
have examined the cases of Taft v. Marsily, 49 Hun, 163, 1 N. Y.
Supp. 621; Genet v. Canal Co., 113 N. Y. 472, 21 N. E. 390; Eno
v. Railroad Co., 15 App. Div. 336, 44 N. Y. Supp. 61,—cited by the
counsel for the executors, but I do not find them in point. The
first case was where the appellate court granted a new trial, and
the latter two were cases where the courts granted an injunction,
and where the parties against whom an injunction was granted
were in contempt if they did or performed the acts judicially re-
strained. It was held that section 1310 of the Code did not cover
such cases without an order granting a stay against the operation

of the judgment. That section does not permit the continuance of illegal acts which have been judicially restrained, unless the court suspends the operation of its judgment or order. My conclusion is that letters testamentary cannot be granted to the proponents, and their only remedy is an application for letters with the limited authority provided for in section 2582 of the Code.

Decreed accordingly.