In re GIHON'S WILL.

(Surrogate's Court, Westchester County. November, 1899.)

EXECUTORS AND ADMINISTRATORS—STATUTES — STAY OF LETTERS TESTAMEN-
TARY ON APPEAL.

Code Civ. Proc. § 2582, declaring that an appeal from a decree of the
surrogate admitting a will to probate, etc., does not stay the issuance of
letters, where, in the opinion of the surrogate, the preservation of the
estate requires that letters should issue, applies to appeals to the court
of appeals as well as to the supreme court.

Application for issuance of letters testamentary on the estate of
Caroline Remsen Gihon pending appeal to court of appeals.   Granted.

C. N. Bovee, Jr., and F. B. Campbell, for the motion.
Frederick H. Man, opposed.

SILKMAN, S.   This is an application for the issuance of letters
testamentary under the authority contained in section 2582 of the
Code.   An appeal from the decree admitting Mrs. Gihon's will to
probate was taken to the appellate division of the supreme court,
where it was affirmed.   60 N. Y. Supp. 65.   A further appeal has now
been taken to the court of appeals, and perfected.   Pending the ap-
peal to the supreme court, an application similar to the one now be-
fore the surrogate was made, and was denied upon the ground that
the preservation of the estate at that time did not require the issu-
ance of letters to the executors.   As I have already said on another
application in this same matter, if the facts which have developed
subsequent to the former application had been foreseen the motion
would not have been denied.   Without going in detail into the rea-
sons which lead to the opinion that the preservation of the estate
requires the issuance of letters testamentary, it is sufficient to say
that the facts set forth in the moving papers show that the securities
which comprise a very large portion of the estate of the decedent
are of such a fluctuating and uncertain market value as to make it
extremely hazardous to tie up their disposition until the determina-
tion of the appeal to the court of appeals.   If this court should or-
der the temporary administrator to dispose of these securities, an in-
vestment of the proceeds would be necessary in order to preserve the
estate from loss.   The discretion to invest is confided to the exec-
utors.   It is not a power vested in the temporary administrator, and,
if it were, it could only be exercised under the direction of the surro-
gate, with the result that the surrogate would be the practical exec-
utor of the estate;  which I do not think the law contemplates,
and which result I think the legislature intended to obviate by section
2582 of the Code.

Having arrived at the opinion that the preservation of the estate
requires the issuance of letters testamentary, the only question to be
considered is as to the court's power to do so, under the circumstances.
The contestant urges that the only power given to the surrogate is
that contained in section 2582, and that such section relates to ap-
peals from the surrogate to the supreme court only.   The section re-

ferred to is found in article 4, tit. 2, c. 18, Code. This chapter relates to "Surrogates' Courts and Proceedings Therein." Title 2 relates to "Proceedings in Surrogates' Courts and Appeals from Those Courts." The Code includes the statute law as it existed at the time of its adoption, with some additions and new matter necessary to the scheme. The provisions found in the various sections of article 4 are not taken from any one particular statute. Some are collected from different statutes, and put together in one article, while some are new. This article undoubtedly provides the practice upon appeals taken from the surrogate's court to the supreme court, and, upon a cursory examination, it would seem that it did not relate to appeals to any other court; and, if the sections contained in it were original legislative enactments, it might be argued that section 2582 was limited to appeals from the surrogate's court to the supreme court. But this construction cannot be given, in view of the history of the section. By chapter 603, Laws 1871, it was provided:

"Section 1. Appeals, when taken from the decree or decision of the surrogate's court declaring the validity of the will and admitting the same to probate, shall not stay the issuance of letters testamentary to the executors if, in the opinion of the surrogate, the protection and preservation of the estate of the deceased require the issuing of such letters," etc.

"Sec. 2. Such appeals shall have preference for hearing in the supreme court and in the court of appeals in the same way as is now prescribed by law in cases where the issuing of letters testamentary is stayed."

This statute clearly includes appeals to the court of appeals, as well as appeals to the supreme court. The words "such appeals" in the second section show that the appeals referred to in the first section include appeals to the court of appeals.

When the legislature adopted the first part of the Code of Civil Procedure, they provided for preferred and deferred causes in article 2, tit. 6, c. 8; and by subdivision 5, § 791, of that article, incorporated substantially section 2, c. 603, Laws 1871, and at the same time repealed said section 2 of the 1871 statute. When the legislature adopted the last nine chapters of the Code in 1880, section 1, c. 603, Laws 1871, was incorporated in section 2582 of the Code in substantially the same language. The difference in language does not alter in any way the meaning of the provisions. The use of the word "appeals" in the law of 1871 has exactly the same meaning as the words "an appeal," as found in section 2582. In construing codified statutes, we are not to be governed by the same rules in respect to the position and association in which we find the doubtful section as we would be if the whole article was the original enactment of the legislature upon the subject. So, in construing the Code and determining the intention of the legislature, we must go back to the reasons which existed for the adoption of the original law.

As I have said, the original law clearly applied to appeals to the court of appeals. The object of the statute is too obvious to require discussion. The legislature did not intend to permit loss to estates consequent upon the delays resulting in the hearing and determination of appeals. The reason for the legislative relief applies with

equal, if not greater, force to appeals to the court of appeals as it does to appeals to the appellate division.   Since the statute of 1871 there has been no other provision of law than the Code section which would give relief in such cases.   The position of the contestant is that at any time until an appeal to the court of appeals had been taken the surrogate has power to issue limited letters testamentary, but the moment an appeal to that court is taken the power ceases.   Before such an unreasonable construction can be adopted, something more than the position of section 2582 in the Code of Procedure must be shown.   The conclusion reached in regard to section 2582 seems to be in harmony with the intention of the revisers.   Mr. Throop, in his notes to the section, refers to it as follows:

"Laws 1871, c. 603, § 1, amended by extending the rule to decrees granting letters, and by restricting the prohibition to sell real property, to a sale pursuant to directions contained in the will.   Apparently, this statute did not prohibit selling real property by direction of the surrogate, and paying creditors, although in those respects it is obscure.   The amendments removed this obscurity, and extended the scope of the statute."

An examination of the authorities fails to disclose any case holding that the entire article 4 relates to appeals to the supreme court only.   Several of the sections have been held to apply only to appeals to the supreme court.   In re Ross's Will, 87 N. Y. 514; Hewlett v. Elmer, 103 N. Y. 156, 8 N. E. 387; In re Smith's Will, 96 N. Y. 661. But none of the cases determine that article 4 relates solely to appeals to the supreme court.   It cannot be argued from any of these cases that, because other sections of the same article apply only to the supreme court, section 2582 applies only to such appeals.

An order may be entered reciting that, in the opinion of the surrogate, the preservation of the estate requires that letters should issue.