In the Matter of the Probate of the Last Will and Testament of CAROLINE REMSEN GIHON, Deceased.

ELIZABETH REMSEN LE ROY DALE, Appellant; WILLIAM GIHON and Others, Executors, etc., of CAROLINE REMSEN GIHON, Deceased, Respondents.

*Letters testamentary — issue of, stayed pending an appeal — the surrogate, where the preservation of the estate requires, may issue them pending an appeal to the Court of Appeals — construction of codified statutes.*

Section 2582 of the Code of Civil Procedure, providing "An appeal from a decree of a surrogate, admitting a will to probate, or granting letters testamentary, or letters of administration, does not stay the issuing of letters, where, in the opinion of the surrogate, manifested by an order, the preservation of the estate requires that the letters should issue," is not limited to an appeal to the Appellate Division from the decree of the surrogate, but extends to an appeal to the Court of Appeals from the determination of the Appellate Division.

In construing codified statutes the court is not governed by the same rules, in respect to the position and association in which it finds a section of doubtful construction, which would apply if the statute were the original enactment of the Legislature on the subject.

APPEAL by Elizabeth Remsen Le Roy Dale from an order of the Surrogate's Court of the county of Westchester, entered in said Surrogate's Court on the 13th day of November, 1899, granting an application for the issuance of letters testamentary under the will of Caroline Remsen Gihon, pursuant to the authority contained in section 2582 of the Code of Civil Procedure.

Section 2582 of the Code of Civil Procedure, referred to in the

opinion, provides as follows: " An appeal from a decree of a surrogate, admitting a will to probate, or granting letters testamentary, or letters of administration, does not stay the issuing of letters, where, in the opinion of the surrogate, manifested by an order, the preservation of the estate requires that the letters should issue."

*Frederick H. Man*, for the appellant.

*C. N. Bovee, Jr.*, for the respondents.

Order affirmed, with costs, on the opinion of the surrogate of Westchester county.

All concurred.

The following is the opinion of the surrogate of Westchester county:

SILKMAN, S. :

This is an application for the issuance of letters testamentary, under the authority contained in section 2582 of the Code of Civil Procedure.

An appeal from the decree admitting Mrs. Gihon's will to probate was taken to the Appellate Division of the Supreme Court, where it was affirmed.

A further appeal has now been taken to the Court of Appeals and perfected.

Pending the appeal to the Supreme Court, an application similar to the one now before the surrogate was made, and was denied upon the ground that the preservation of the estate at that time did not require the issuance of letters to the executors.

As I have already said, on another application in this matter, if the facts which have developed subsequent to the former application had been foreseen, such application would not have been denied.

Without going in detail into the reasons which lead to the opinion that the preservation of the estate requires the issuance of letters testamentary, it is sufficient to say that the facts set forth in the moving papers show that the securities which comprise a very large portion of the estate of the decedent are of such a fluctuating and uncertain market value as to make it extremely hazardous to tie up

their disposition until the determination of the appeal to the Court of Appeals.

If this court should order the temporary administrator to dispose of these securities, an investment of the proceeds would be necessary in order to preserve the estate from loss.

The discretion to invest is confided to the executors. It is not a power vested in the temporary administrator, and, if it were, it could only be exercised under the direction of the surrogate, with the result that the surrogate would be the practical executor of the estate, which I do not think the law contemplates, and this result I think the Legislature intended to obviate by section 2582 of the Code.

Having arrived at the opinion that the preservation of the estate requires the issuance of letters testamentary, the only question to be considered is as to the court's power to do so under the circumstances.

The contestant urges that the only power given to the surrogate is that contained in section 2582, and that such section relates to appeals from the surrogate to the Supreme Court only.

The section referred to is found in article 4 of title 2, chapter 18 of the Code. This chapter relates to " Surrogates' Courts and Proceedings." Title 2 relates to " Proceedings in Surrogates' Courts and to Appeals from those Courts."

The Code includes the statute law as it existed at the time of its adoption, with some additions and new matter necessary to the scheme.

The provisions found in the various sections of article 4 are not taken from any one particular statute; some are collected from different statutes and put together in one article, while some are new.

This article undoubtedly provides the practice upon appeals taken from the Surrogate's Court to the Supreme Court, and upon a cursory examination it would seem that it did not relate to appeals to any other court; and if the sections contained in it were original legislative enactments, it might be argued that section 2582 was limited to appeals from the Surrogate's Court to the Supreme Court.

But this construction cannot be given in view of the history of the section. By chapter 603, Laws of 1871, it was provided: " Section 1. Appeals when taken from the decree or decision of a Surrogate's

Court declaring the validity of a will and admitting the same to probate, shall not stay the issuing of letters testamentary to the executors if, in the opinion of the surrogate, the protection and preservation of the estate of the deceased require the issuing of such letters," etc. "§ 2. Such appeals shall have preference for hearing in the Supreme Court and in the Court of Appeals in the same order as is now prescribed by law in cases where the issuing of letters testamentary is stayed."

This statute clearly includes appeals to the Court of Appeals as well as appeals to the Supreme Court. The words "such appeals" in the 2d section show that the appeals referred to in the 1st section include appeals to the Court of Appeals.

When the Legislature adopted the 1st part of the Code of Civil Procedure they provided for preferred and deferred causes in article 2 of title 6, chapter 8. (§§ 789–793.) And by subdivision 5 of section 791 of that article incorporated substantially section 2 of chapter 603 of the Laws of 1871, and at the same time repealed said section 2 of the 1871 statute. When the Legislature adopted the last nine chapters of the Code in 1880 (Chap. 178), section 1 of chapter 603, Laws of 1871, was incorporated in section 2582 of the Code in substantially the same language.

The difference in language does not alter in any way the meaning of the provision. The use of the word "appeals" in the law of 1871 has exactly the same meaning as the words "an appeal" as found in section 2582.

In construing codified statutes, we are not to be governed by the same rules in respect to the position and association in which we find the doubtful section as we would be if the whole article was the original enactment of the Legislature upon the subject.

So in construing the Code and determining the intention of the Legislature, we must go back to the reasons which existed for the adoption of the original law.

As I have said, the original law clearly applied to appeals to the Court of Appeals. The object of the statute is too obvious to require discussion. The Legislature did not intend to permit loss to estates consequent upon the delays resulting in the hearing and determination of appeals.

The reason for the legislative relief applies to appeals to the Court of Appeals with equal, if not greater, force than it does to appeals to the Appellate Division. Since the statute of 1871 there has been no other provision of law than the Code section which would give relief in such cases.

The position of the contestant is, that at any time until an appeal to the Court of Appeals had been taken, the surrogate has power to issue limited letters testamentary, but the moment an appeal to that court is taken, the power ceases.

Before such an unreasonable construction can be adopted, something more than the position of section 2582 in the Code of Civil Procedure must be shown.

The conclusion reached in regard to section 2582 seems to be in harmony with the intention of the revisers. Mr. Throop, in his notes to the section, refers to it as follows: " L. 1871, ch. 603, § 1,    *    *    *    amended by extending the rule to decrees granting letters; and by restricting the prohibition to sell real property to a sale pursuant to directions contained in the will. Apparently, this statute did not prohibit selling real property by direction of the surrogate and paying creditors; although in those respects it is obscure. The amendments remove this obscurity and extend the scope of the statute." ·

An examination of the authorities fails to disclose any case holding that the entire article 4 relates to appeals to the Supreme Court only. Several of the sections have been held to apply only to appeals to the Supreme Court. (*Matter of Ross*, 87 N. Y. 514; *Hewlett* v. *Elmer*, 103 id. 156; *Matter of Smith*, 96 id. 661.) But none of the cases determine that article 4 relates solely to appeals to the Supreme Court. It cannot be argued from any of these cases that because other sections of the same article apply only to the Supreme Court that section 2582 applies only to such appeals.

An order may be entered reciting that in the opinion of the surrogate the preservation of the estate requires that letters should issue.