Order affirmed and papers ordered filed with the clerk of Oneida county.

Smith, P. J., and Macomber, J., concur.

---

## Court of Appeals.

*June,* 1883,

## PEOPLE *v.* HOVEY.

(Affirming 1 *N. Y. Crim. Rep.* 180.)

Section 527, Code Crim. Pro.—does not apply to Court of Appeals.—Exceptions to Charge—when must be taken. —Presumptions—Failure to call Eye-witness.— Murder—Premeditation and Deliberation.

Section 527 of the Code of Criminal Procedure,—providing that the appellate court may in certain cases order a new trial if it be satisfied

that the verdict against the prisoner was against the weight of evidence or against law, or that justice requires a new trial, whether or not exceptions have been taken below,—does not apply to the Court of Appeals.

The review of questions of fact arising upon conflicting evidence, is beyond 'the general powers of said court, and the consideration thereof can only be entertained by force of express provisions of law requiring it.

An exception to the charge of the court taken after the trial is ended,— e. g., when the prisoner is arraigned for sentence,—where if the charge is erroneous the jury cannot be 'instructed to disregard it, presents no question of law for the consideration of the appellate court.

A jury have a right to infer that the evidence of an eye-witness to a transaction,—e. g., the killing for which defendant was indicted,— would not be favorable to a party who has voluntarily excluded such witness from testifying in the case.

The evidence in this case reviewed and considered by the court, and held sufficient to show that the killing for which defendant was indicted, was the result of a premeditated and deliberate design to effect death.

Appeal by defendant from judgment of the General Term of Supreme Court, First Department affirming the judgment of the General Sessions of New York, convicting defendant of murder in the first degree.

The facts of the case fully appear in the report of the decision at General Term (*ante*, p. 180), together with points of counsel and also the portion of the charge referred to in the opinion.

*William S. Kintzing*, for appellant.

*John McKeon*, district attorney, *John Vincent* (assistant), for the people, respondent.

RUGER, Ch. J.—The defendant was convicted in the Court of General Sessions in the county of New York of murder in the first degree for killing one Fannie Vermilyea on April 26, 1882.

It is not denied that the deceased met her death at the hands of the defendant, but it was attempted to be shown on his behalf that the killing was accidental and unpremeditated.

No exceptions were taken upon the trial by the defendant

either to the rulings of the court in the admission or exclusion of evidence or to the various propositions contained in the charge to the jury.

It is claimed by the appellant that by virtue of section 527 of the Code of Criminal Procedure, this court has the power to review the case upon the facts, and if upon such review it finds that the verdict was either against the weight of evidence, or against law, or that justice requires a new trial, such trial should be directed, although no exceptions were taken in the court below. We are of the opinion that this section does not apply to appeals to this court. It is contained in chapter 1 of title 11 of the Code, which embraces seventeen sections; some of which treat exclusively of appeals to the Supreme Court, and others of appeals to this court, while still others apply indiscriminately to appeals to both. Section 527 is entitled "Stay of proceedings on appeal to Supreme Court from judgment of conviction ; new trial when granted," and contains not only the provisions in question, but also others made applicable to the Supreme Court alone.

Section 528, immediately following, is entitled "Stay upon appeal to the Court of Appeals from judgment of Supreme Court affirming judgment of conviction."

It refers exclusively to appeals to this court, and contains no provision for a review by us of the case upon the evidence.

Section 527 is nowhere made expressly applicable to this court, and the provision for a review upon the facts being confined to that section and omitted from the section expressly treating of appeals to this court, forbids the inference that it was intended to be applicable to the Court of Appeals. Matter of Ross, 87 *N. Y.* 518. This construction also accords with the general theory of the law as to the powers and duties of the various courts, and assigns to each the determination of those questions for the consideration of which it was specially organized and adapted.

The review of questions of fact arising upon conflicting evidence is beyond the general powers of this court, and the consideration of such questions can only be entertained either in civil or criminal cases by force of express provisions of law requiring it. Matter of Ross (*supra*). The general ob-

ject and design of the Code of Criminal Procedure was to collect the various statutes relating to the subject and to furnish a uniform, harmonious and comprehensive system of criminal practice, to apply to and govern all criminal proceedings thereafter instituted in any of the courts of the state. *Code Crim. Pro.* § 962. We should have been more reluctant in arriving at the conclusion that we had no power to review the facts in a criminal case, if a perusal of the evidence given upon this trial had left any doubt in our minds as to the justice of the result attained in the court below.

That evidence tended to prove a homicide committed under circumstances showing a wanton disregard of the sanctity of human life, and the obligations of care and protection which, as master of a household, the defendant owed to those belonging to his family circle.

The evidence tended to show that he was a person of idle and dissolute habits, and regardless of the feelings or interests of others. On the day of the homicide, he visited the rooms occupied by himself and family at about noon, and requested his wife to wash his feet.

The wife, who was then in attendance upon her child lying dangerously sick in the room, neglected to comply with this request, and the deceased, who was present, remarked to the defendant that he ought to have more thought for his dying baby.

The defendant replied to this remark with some profanity, and with apparent anger. He soon thereafter left the house and having pledged his coat to purchase a pistol, loaded it, and returned to the house where the deceased was employed in her work ; soon after entering the room where the deceased and his wife were sitting, he fatally shot the deceased with the pistol he had just purchased and loaded, and then tried to conceal himself under the bed.

The conduct of the defendant immediately after the shooting, was marked with great levity and indifference, and his conversation immediately thereafter indicated that the act of shooting was intentional and premeditated. We cannot doubt that the jury arrived at a correct result upon the evidence, and we feel no disposition to interfere with their verdict.

We have not omitted to observe, that a week after the trial,

when the defendant was brought before the court for sentence, his counsel moved for a new trial upon the evidence, and for an alleged error in the charge to the jury, and upon the refusal of the court to grant a new trial, took an exception to such refusal.

An exception to a charge taken after the trial had terminated, and where, if erroneous, the jury could not have been instructed to disregard the erroneous instructions, does not present any question of law for the consideration of an appellate court. Mathews *v.* Meyberg, 63 *N. Y.* 656. Even if this exception had been taken at the proper time, it would have been unavailing, for the reason that we think the charge was unexceptionable.

A jury would have the right to infer that the evidence of an eye-witness to a transaction would not be favorable to a party who voluntarily excluded such witness from testifying in the case. Gordon *v.* People, 33 *N. Y.* 508.

The judgment should be affirmed.

All concur.