# Court of Appeals.

*January*, 1886.

## PEOPLE *v.* DONOVAN.

(Affirming 3 *N. Y. Crim. Rep.* 79.)

### MURDER — CODE CRIM. PRO. § 527.

The powers conferred by section 527 of the Code of Criminal Procedure upon an appellate court of ordering a new trial, "if it is satisfied that the verdict against the prisoner was against the weight of evidence, or against law, or that justice requires a new trial, whether any exception shall have been taken or not in the court below," can be exercised by the Supreme Court alone.

The Court of Appeals has no authority to review a judgment in a criminal action, unless exceptions have been regularly and properly taken to the rulings of the trial court alleged to be erroneous.

Defendant belonged to a social club having its head-quarters at the saloon where the homicide was committed, went there with some comrade to avenge a fancied insult, claimed to have been offered to one of them by the bar-tender earlier in the day. One of the party distributed billiard cues to the others, including defendant. One of them said that Rainer, who was the bar-keeper's assistant, was the man who went for a policeman, and then defendant, without apparent provocation, struck Rainer two powerful blows upon the head with the butt end of the cue, from the effects of which he died. Some one then exclaimed: " Cheese it — a cop," and they all fled. Defendant, after remaining concealed in New York a day, fled to Maryland, where he resided, passing under an assumed name. *Held*, that this evidence justified a verdict of murder in the second degree.

Previous good character, when the evidence is direct and positive as to the commission of the offense by defendant, is not entitled to controlling weight with the jury.

APPEAL by Daniel T. Donovan, defendant, from a judgment of the General Term of the Supreme Court, in the First Department, of January, 1885, affirming a judgment of the Court of General Sessions of New York, convicting him of murder in the second degree.

The report of the court at General Term is given at 3 *N. Y. Crim. Rep.* 79.

The facts appear in the opinion.

*Charles S. Spencer*, for defendant, appellant.

*Randolph B. Martine*, district attorney (*De Lancey Nicoll*, assistant), for the people, respondent.

RUGER, Ch. J.—Upon the argument of this appeal, no exception to any ruling of the trial court was pointed out by the appellant's counsel as a ground for a reversal of the conviction of the defendant, and, after a careful examination of the case and exceptions, we are satisfied that none was taken which authorizes a reversal.

The appellant urges that, upon a consideration of the whole case, if the court should be of the opinion that injustice had been done to the defendant, it is authorized by section 527 of the Code of Criminal Procedure to order a new trial.

We have frequently decided that the powers conferred by that section were intended to be exercised by the Supreme Court alone, and that we have no authority to review a judgment in a criminal action unless exceptions have been regularly and properly taken to the rulings of the trial court, alleged to be erroneous. People *v.* Hovey, 92 *N. Y.* 554; People *v.* Boas, *Id.* 560; 1 *N. Y. Crim. Rep.* 387; *Id.* 283.

If further answer were required to the claim of the appellant, we might say that a review of the trial satisfied us that the verdict of the jury was based upon sufficient evidence, and is fully supported by the testimony taken on the trial.

The evidence tended to show that the defendant, who belonged to a social organization called the "Kipp's Bay Coterie," which had its head-quarters at the saloon where the homicide was committed, started out on the afternoon in question with a number of his comrades to go to that saloon, and there avenge a fancied insult claimed to have been offered by the bar-tender of the saloon to one of his associates earlier in the same day. Immediately upon their entrance into the saloon, which was then occupied by the bar-tender and the deceased, who was an attendant therein, hostilities commenced. One of the visiting

party took possession of some billiard cues, and distributed them among his associates, giving one to the defendant, and then one of the party, alluding to the deceased, said he was the man who went for a policeman, and immediately thereafter the defendant, without apparent provocation, struck Rainor one or two powerful blows upon the head with the butt end of the cue, inflicting wounds fracturing the skull, and causing his death within one hour. Immediately thereafter some one of the assaulting party exclaimed, "Cheese it—a cop," and they all fled. The defendant remained concealed in New York until the next day, when he left for Maryland, where he resided, passing under an assumed name until he was arrested on the Saturday following the homicide. Evidence was given on the trial tending to show the previous good character of the defendant, but under the circumstances attending the commission of the homicide, and the direct and positive evidence as to the agency of the defendant therein, it properly did not have a controlling weight with the jury in determining their verdict.

The evidence was submitted to the jury under an unexceptionable charge, and there is no ground in the case for the reversal of the judgment rendered on the verdict. We think the judgment should be affirmed.

All concur, except MILLER, J., absent.