HENRY FARMILO AND MARTIN SMITH, APPELLANTS, v. MATILDA M. STILES, RESPONDENT.

*Mechanic's lien — for work done on a wife's property by direction of her husband — submission to the jury of the question whether the husband acted as her agent or under a contract with her.*

In an action, brought to foreclose a mechanic's lien, the defendant, the owner of the premises, testified that she entered into an oral contract with her husband by which she was to pay him $3,000 for constructing the house in question; that she paid him, prior to the filing of the notice of lien, the whole of such amount, except the sum of $290, which she applied upon an indebtedness owing by him to her. She further testified that she had several lots and buildings; that her husband had none; that she never had occasion to employ anybody, except her husband, to do any work on any of her buildings; that she left that to her husband to look after.

*Held,* that, under the circumstances of this case, the court should have allowed the case to go to the jury upon the question whether the husband did not act as the agent of his wife.

APPEAL by the plaintiffs from a judgment of nonsuit, rendered at the Albany Circuit, after a trial before the court and a jury, which judgment was entered in the office of the clerk of Albany county on the 7th day of February, 1889.

The action was brought to foreclose a mechanic's lien. The plaintiffs were nonsuited at the close of the evidence. William V. Stiles, husband of the defendant, made a contract with the plaintiffs to do the mason work upon a house which he stated that he was about to build upon a lot in Cohoes, which he represented belonged to himself. The plaintiffs did the work, and upon its completion a balance of $218 remaining unpaid, they filed a notice of lien for the amount against the defendant, who was the owner of the house. The defendant testified that she made an oral contract with her husband, William V. Stiles, to build the house for $3,000, which she paid him in full before the plaintiffs filed their notice of lien. The trial court nonsuited the plaintiffs upon the ground that their contract was with the husband and the notice of lien was against the wife; also, because the wife had fully paid her husband before notice of the lien. The plaintiffs asked to go to the jury upon the question whether the husband at the time he made the contract was not acting as the agent of his wife. This was refused.

*H. A. Strong*, for the appellants.

*J. F. Crawford*, for the respondent.

LANDON, J.: ·

The contract was in the name of the husband, but as the wife was the undisclosed owner, if the husband was, in fact, acting as the agent of his wife, it was competent for the plaintiffs to file their notice of lien and proceed against her. We think the request of the plaintiffs to go to the jury upon the question whether the husband did not act as the agent of his wife should have been granted. The testimony of the wife is to the effect that her husband procured this house to be built for her, and at her request, and that she furnished him from time to time with money to pay for it as the work progressed. The only difficulty with the case arises from her testimony that she made a contract with her husband that he should build it for the sum of $3,000, and that the money she paid him was upon the contract, except the sum of $290, which she had previously lent him, and she applied this indebtedness to complete the total payment. The contract, she says, was oral. She further testified that she had several lots and buildings in Cohoes; that her husband had none; that she never had occasion to employ anybody, except her husband, to do any work on any of her buildings, that she left that to her husband to look after.

Now, this secret contract between herself and her husband, by means of which she could collect the old debt her husband owed her and deprive the plaintiffs of their just pay, does not commend itself to judicial favor. Possibly it was an afterthought. The testimony upon which it rests ought to be subjected to that scrutiny which her interest and her advantage suggest, and if so, possibly the jury would make a finding upon it in accord with substantial justice.

The judgment is reversed, new trial granted, costs to abide event.

LEARNED, P. J., and INGALLS, J., concurred.

Judgment reversed, new trial granted, costs to abide event.