SCHMIDT v. KEEHN et al.

*(Supreme Court, General Term, Fifth Department. June 20, 1890.)*

1. HUSBAND AND WIFE—NEGLIGENCE OF WIFE'S AGENT.

   A married woman is liable for the negligence of her agent in making improvements on her separate property.

2. PRINCIPAL AND AGENT—EVIDENCE—MARRIED WOMEN.

   In an action against a married woman for injuries received by plaintiff while working on a building which was being erected on defendant's land, and for the construction of which defendant had borrowed money, it appeared that defendant's husband had charge of the construction of the building. Neither defendant nor the husband testified on the trial. *Held*, that there was a sufficient presumption of the agency of the husband for the wife to require the submission of the question of defendant's liability to the jury; all the other requisites of plaintiff's cause of action being present.

Appeal from circuit court, Monroe county.

Action by Mary Schmidt, as administratrix of Frederick J. Schmidt, deceased, against Norma Keehn and Edward J. Keehn, for the negligent killing of plaintiff's intestate. The complaint was dismissed as to defendant Norma Keehn, and plaintiff appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*J. & Q. Van Voorhis*, for appellant.    *C. M. Allen*, for respondent.

CORLETT, J. In December, 1886, the defendant was the owner of real estate in the city of Rochester, upon which a building was being erected. Her husband had charge of its construction. On the 8th of that month the plaintiff's intestate was a laborer upon the building being erected, and was killed in an elevator used about the building. The plaintiff brought an action to recover damages for negligence against Edward J. Keehn and the defendant, the wife. At the close of the evidence the complaint was dismissed against the wife, but a recovery was had against the husband. Judgment was entered on the dismissal, and the plaintiff appealed. The substance of the evidence on the trial as to the defendant was that she owned the building; that she executed mortgages on which she raised money to aid in its construction; that she knew it was being built; the declarations of her husband that he was overseeing its construction for her; the fact that he had charge of the building during its erection. At the close of the plaintiff's evidence the defendant moved for a nonsuit, which was granted. Neither of the defendants was sworn as a witness on the trial. Except as above stated, there was no evidence showing in what capacity the husband acted. Whether he was a contractor on his own account, or whether he was agent for the defendant, or acted for a third party, the case is silent.

The sole question on this appeal is whether, as against the respondent, the case should have been submitted to the jury. It may be assumed that the evidence tended to show that the elevator was imperfect, and the husband negligent; also that the deceased was free from negligence, because the plaintiff recovered against the husband. If he was the defendant's servant or agent, and was guilty of negligence in his employment, she would be liable. In other words, she is chargeable the same as any other person for the negligence of her servants and agents. The fact of her being a married woman is no answer to an action for negligence in making improvements upon her separate property, nor is it important whether her husband or a third person acts for her. Her personal knowledge of the defect producing the injury is not important. *Armstrong* v. *Jones*, 10 Wkly. Dig. 144. In *Cutter* v. *Morris*, 116 N. Y. 310, 22 N. E. Rep. 451, it was held that where services are for the benefit of the separate estate of a married woman, with her knowledge, the presumptions are that they are rendered at her request. It would seem to follow that the claim that the building was constructed for a third person's ben-

efit, or on his responsibility, would require proof. All the cases are to the same effect. *Miller* v. *Hunt*, 3 Thomp. & C. 762; *Farmilo* v. *Styles*, 5 N. Y. Supp. 579; *Husted* v. *Mathes*, 77 N. Y. 390.

It is reasonable to assume that, where buildings are being constructed on a person's land, and the owner raises the money for those purposes, the person having charge and oversight is acting as the servant or agent of the owner. He may be a contractor. He may sustain no relations to the owner except to complete the job and deliver it when finished. But, in the absence of proof, it is difficult to see why improvements upon the owner's land, and for his benefit, should not be assumed to be in pursuance of the owner's directions.

No legal obligation rested upon the defendant to be sworn as a witness for herself, or to call her husband, but an omission to do either is a circumstance entitled to some weight where the evidence is of such a character as to allow inferences either way. In *Clark* v. *Railroad Co.*, 40 Hun, 607, it was held that the omission of a railroad company to call its employes was a circumstance from which inference could be drawn against the company. To the same effect are *Beecker* v. *Johnston*, 69 N. Y. 309; *The Fred M. Laurence*, 15 Fed. Rep. 635; *People* v. *Hovey*, 92 N. Y. 554. The husband and wife were in a position to know what the facts were. Their omission to be sworn is a circumstance from which inferences against them may be drawn.

The general rule is that where there is any evidence, direct or inferential, the case must be submitted to the jury. *Smith* v. *Coe*, 55 N. Y. 678. The judgment should be reversed, and a new trial granted. All concur.