### McGuire *v.* Joslyn.

*(Supreme Court, General Term, Fifth Department.  June 20, 1890.)*

Landlord and Tenant—Dangerous Premises.

   In an action against a landlord for personal injuries by a tenant who was tripped and thrown by a ragged matting on a stairway which belonged to the landlord, but was used by the tenant as the only means of reaching her apartments, the nonproduction by defendant of the matting in evidence, even though it has been constantly used for more than two years since the accident, is a circumstance which may be considered by the jury. Macomber, J., dissenting.

Appeal from circuit court, Monroe county.

Action by Lucy S. McGuire against Thomas M. Joslyn for damages sustained by falling down defendant's stairway. Judgment for plaintiff. Defendant appeals.

Argued before Dwight, P. J., and Macomber and Corlett, JJ.

*Albert H. Harris*, for appellant. *Abraham Benedict*, for respondent.

CORLETT, J. In September, 1886, the defendant was lessee of a building on the corner of State and Center streets, in the city of Rochester, and had control and possession of the same and its stairways, under a lease. The plaintiff occupied a portion of the upper part of this building as a tenant of the defendant, under an oral lease. The way of egress from that portion of the building to the street was a stairway used in common by the tenants and occupants of the building. It was for the use of the tenants, and those occupying the building in that capacity had a right to use the stairway. It was alleged on the part of the plaintiff that the defendant negligently permitted the covering of the staircase to remain in such a condition as to be unsafe; that certain matting used upon the staircase was worn, ragged, and dangerous; that the stairway was not properly lighted; and that, by reason of defects in the matting, the plaintiff, without negligence on her part, fell and was injured. The plaintiff's allegations were denied. A trial was had at the Monroe circuit before a justice and a jury, and the plaintiff recovered a judgment for a thousand dollars. A motion for a new trial was made and denied. Judgment was entered on the verdict, and the defendant appealed to this court.

The evidence on the part of the plaintiff tended to show that the only way of reaching the street from the upper floors was by passing down the stairway; that there was no railing on the stairs; that the steps were covered with a matting which had been used, and had become so much worn as to be stringy and dangerous; that the hallway was left in total darkness; that on the 18th day of September, 1886, in the early evening, the plaintiff left her room to go down to get some matches; that she proceeded carefully, and guided herself by placing her hands upon the wall; that she reached the landing at the top of the stairs, and in attempting to descend caught her foot in the loose ropes of the matting, and was thrown violently upon the stairs, and received the injuries complained of. Evidence was given on the part of the defendant tending to controvert the plaintiff's as to the place of her fall, and the degree of care exercised by her, the condition of the hallway and matting, and also as to light and safety. The jury found the controverted questions in favor of the plaintiff.

The contention of the appellant is that the court erred in charging the jury in the following particulars: The plaintiff's counsel asked the court to charge the jury, in respect to the matting, (which was not produced,) that, if the jury were satisfied that it was within the power of the defendant to produce it in substantially the condition it was at the time, and omitted to do so, a similar rule applies as in the case of an omission to produce a witness a party has power to produce. The court declined so to charge, but said: "I charge that that is simply a circumstance in the case which the jury may give such weight to as it is entitled to receive." The plaintiff also requested the court to charge that if it is in the power of one of the parties to produce evidence in this case, and the party fails to produce it, it is a matter the jury may give such weight as they may see fit. The court declined to vary the charge upon that subject. The defendant's counsel did not except to the above rulings. The defendant's counsel asked the court to charge that, if the matting remained in constant use for about two years after the accident, and was then taken up and nailed down on the defendant's veranda, and used since, his omission to produce it could not be taken into consideration in this case. The court in reply stated that: "They take that in connection with the suggestion in regard to its not being produced. The jury will consider all the circumstances. They may say how far the circumstance that it remained on the stairs some time after the accident operated as a reason why it should not be brought into court as an exhibit in the case." The defendant's counsel excepted to the refusal of the court to charge as requested.

The charge of the court, in response to the plaintiff's request, shows the man-

ner in which the question arose. The charge was that the jury might, as a circumstance, attach such weight to the omission to produce the matting as it was entitled to receive. The defendant was content with this, as no exception was taken. The defendant's request, above quoted, assumes as matter of law that, if the mat remained in constant use for about two years after the accident, and was then taken up and nailed down and used since, the omission to produce it could not be taken into consideration. It is easy to see that the length of time and manner the matting was used after the accident might so change its condition as to render an inspection worthless for the purpose of showing the state it was in when the accident occurred. On the other hand, notwithstanding the defects to which the accident is charged, they might be discovered with more or less distinctness on inspection, after long use. The court could not say as matter of law what changes such time and use would produce. In the very nature of things, the changes which time and use had brought about involve questions of fact. The court, therefore, very properly said that such use and time might be taken into consideration by the jury; but the learned justice was right in refusing to rule, as matter of law, that those circumstances were so controlling that the non-production of the matting could not be considered. The matting was in possession of the defendant, and it was admissible as evidence before the jury. *People* v. *Gonzalez,* 35 N. Y. 49; *King* v. *Railroad Co.,* 72 N. Y. 607.

The evidence on the trial shows that there was a conflict as to the condition of the matting, in reference to which the jury were authorized to draw different inferences. An omission on the part of the person having possession and control of the matting to produce it would be a circumstance which the jury would have a right to take into consideration against him. *Clark* v. *Railroad Co.,* 40 Hun, 607; *Bleecker* v. *Johnston,* 69 N. Y. 309; *The Fred M. Laurence,* 15 Fed. Rep. 635; *People* v. *Hovey,* 92 N. Y. 554.

The trial justice was not in error in charging as he did in response to the plaintiff's request. As above stated, the correctness of his charge on this subject was acquiesced in by the learned counsel for the defendant, whose sole contention is narrowed down to the question as to whether, as matter of law, it was the duty of the trial justice to direct the jury that time and use had destroyed all the value of the matting as an exhibit. No error was committed by the court in this respect. No other question being urged by the learned counsel for the appellant, or being presented by the case, the order and judgment must be affirmed.

MACOMBER, J., dissenting.