■ The People of the State of New York, Respondent, v. Charles Ronald Bolster, Appellant.— Taylor, J. Appeal by defendant from a judgment of the County Court, Broome County, convicting him of the crime of arson in the second degree (Penal Law, § 222) and from an order denying his motion for a new trial on the ground of newly discovered evidence (Code Crim. Pro., § 465, subd. 7). The refusal to grant to defendant access to the testimony of a People's witness before the Grand Jury was not error since defendant's request to the trial court for its delivery was made after the prosecution had rested its case, a factor which obviously rendered nugatory its use for impeachment purposes. (*People* v. *Rosario*, 9 N Y 2d 286, mots. for rearg. den. 14 N Y 2d 876, 15 N Y 2d 765.) The prosecutor commented briefly in summation to the effect that defendant, had he been so disposed, could have called as witnesses his wife, his two brothers and firemen other than those who had testified for the People. Although the trial court sustained defendant's objection to the remarks, he complains here that an explanation of its purport should have accompanied the ruling. The observations made contained no reference to the failure of defendant to testify (Code Crim. Pro., § 393) and hence cannot be viewed as improper. (*People* v. *Hovey*, 92 N. Y. 554; *People* v. *Leonardo*, 199 N. Y. 432, 446; cf. *People* v. *Maimone*, 9 A D 2d 780.) Defendant's confession stated that he ignited the fire which resulted in his indictment and prosecution by throwing a lighted cirgarette into a closet of his home in which had been placed a model airplane containing inflammable liquid. We perceive no abuse of the trial court's discretion in refusing on the *voir dire* examination to determine the admissibility of the confession to permit defendant's counsel to perform an experiment designed to demonstrate conditions which it was claimed would result in the snuffing of a lighted cigarette but which had none of the characteristics which obtained in defendant's home on the day of the fire. Appellant's other contention in chief relates to the admissibility of defendant's confession. The determination of this appeal was withheld and the case remitted to the Broome County Court for further proceedings consistent with the decision of the Court of Appeals in *People* v. *Huntley* (15 N Y 2d 72). The trial court's conclusion upon remand that the confession of the defendant was made voluntarily and that his constitutional rights were not violated was founded largely on the acceptance of the credibility of the People's witnesses and cannot be said, as a matter of law, not to have been satisfactorily supported by the proof. The trial court's denial of the motion for a new trial was justified since, as it properly found, the newly discovered evidence adduced on a plenary hearing was merely impeaching in scope and character. (*People* v. *Becker*, 215 N. Y.

126, 159–160.) Judgment and order affirmed. Herlihy, J. P., Reynolds, Aulisi and Hamm, JJ., concur.