Irving Lang, J.
Defendant was indicted on March 9, 1972, and charged with possession of a weapon and related crimes. On June 15, 1972, a hearing on a motion to suppress was held before me and after the presentment of evidence, the motion was denied. On October 16, 1973, defendant pleaded guilty to the first count of the indictment, and on December 3, 1973, he was sentenced to a term of five years imprisonment.
Defendant now moves, pursuant to CPL 440.10 (subd 1, par [g]), to set aside the judgment of conviction on the grounds of newly discovered evidence. The purported newly discovered evidence is (1) that the prosecution’s only witness to testify on the motion to suppress, a police officer, has recently been indicted by the New York City Special Prosecutor and has been suspended from the police force, and (2) an allegation that the Judge who signed the search warrant is also under investigation by the Special Prosecutor.
The elementary defects of this motion and the unsupported allegations made in furtherance thereof bear comment:
First, the facts of this case remove it from the purview of a newly discovered evidence motion. CPL 440.10 (subd 1, par [g]) states: "At any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment upon the ground that * * * [n]ew evidence has been discovered since the entry of a judgment based upon a verdict of guilty after trial, which could not have been produced by the defendant at the trial even with due diligence on his part and which is of such character as to *565 create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant.” (Emphasis supplied.)
There was no verdict after trial here. The defendant pleaded guilty before trial. Thus, on its face, defendant’s pleading requires a denial of this motion. Counsel might have made an analogy between a verdict after trial and a guilty plea after a hearing denying a motion to suppress, since such motion effectively determined the only factual issues involved. Although counsel did not make such an analogy, this court, on defendant’s behalf, will consider the merits of whether evidence of the police officer’s alleged misconduct on another case, if produced at the hearing, would have created a probability that the motion to suppress would have been granted.
The general rule is that evidence which would merely tend to impeach or discredit the prior testimony of a witness is not such sufficient new evidence as to set aside the judgment of conviction (People v Salemi, 309 NY 208; People v Williams, 35 AD2d 1023; People v Bolster, 24 AD2d 774; People v Maynard, 80 Misc 2d 279; People v Bartholomew, 73 Misc 2d 541; see, also, Federal Rules of Criminal Procedure, rule 33; United States ex rel. Fein v Deegan, 410 F2d 13, cert den 395 US 935; United States v Bertone, 249 F2d 156; United States v Rutkin, 208 F2d 647).; While such rule is not unbending (see this court’s decision in People v Maynard, supra) the "facts” tendered here — indictments alleging perjury, etc., arising out of police activity in 1969 — considered in light of our rules of evidence concerning the scope of inquiry as to collateral acts of misconduct, cannot be said to create the probability that had such facts been known at the time of the motion to suppress, the witness would have been effectively discredited. The mere fact of indictment, of course, would not even be admissible. Significantly, there is no claim by the defendant that any of the officer’s testimony was false, particularly as to matters within the personal knowledge of defendant, such as the execution of the warrant and the finding of the contraband.
Defendant’s other "newly discovered evidence,” the allegation that the Judge who signed the search warrant is being investigated, is a malicious and factually devoid allegation. It is contemptible, if not contemptuous.
Motions addressed to this court should not be exercises in rhetoric; they must be based on reasonable facts upon which *566 the merits of the relief sought can be determined. Irresponsible and reckless allegations never add to the merits of a petition. Defense counsel should have given closer examination to the other provisions of CPL 440.10 and relevant case law. He might then have recognized that the relief he sought might more appropriately be grounded upon a theory of fraud upon the court by the use of false testimony or other improper conduct not appearing in the record (see CPL 440.10, subd 1, pars [b], [d], [f]; People v Calero, 23 AD2d 698).
The motion to set aside the judgment of conviction upon the facts and allegations submitted herein is denied.